

U.S. Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Ave, N.W.
P.O. Box 883 Ben Franklin Station
Washington, D.C. 20044

Jeffrey D. Kahn
Trial Attorney

Tel: (202) 514-3716
Fax: (202) 616-8470

July 13, 2005

**VIA ECF**

The Honorable Joseph J. Farnan, Jr.
Lock Box 27
United States District Court
District of Delaware
844 North King Street
Wilmington, DE 19801

Re:   **Adkins v. Rumsfeld, et al., C.A. No. 04-1453-JJF**

Dear Judge Farnan,

    This letter is submitted in response to the letter submitted by plaintiff's counsel, dated June 30, 2005, concerning McGreevy v. Stroup, --- F.3d ---, 2005 WL 1515891 (3d Cir. June 28, 2005). In calling the Court's attention to this recent case, plaintiff's counsel asserted that the holding of this case was that "health related speech about the poisoning of public employees and others was a matter of true public concern."

    Plaintiff's description is not the holding of the case, but rather dicta. The Court noted in dicta that "In the case before us, it is undisputed that McGreevy's advocacy on behalf of the two disabled students, her notice to state officials that she was not a middle school nurse, and her objection to pesticide spraying by an unlicensed individual, were matters of true public concern. Defendants do not argue otherwise." Id. at *4 (internal citations omitted). The holding and focus of the opinion, however, concerned the related issues of qualified immunity for school officials named as defendants in their individual capacity, the official capacity liability of other school officials, and the liability of the school district itself. Id. at *5-9.

    More importantly, this new case does not alter the existing law in the Third Circuit concerning the issue at the heart of defendant's motion to dismiss. Unlike McGreevy, who "informed the Pennsylvania Department of Health that unlicensed pesticide spraying had occurred at the school," id. at *2, the plaintiff in the case before this Court confined his "speech" to personal questions asked of his physician in the closed confines of a private medical examination.

Respectfully submitted,

Jeffrey D. Kahn

cc:   Stephen J. Neuberger, Esq. (Via ECF)
      Thomas S. Neuberger, Esq. (Via ECF)