# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| SSGT. JASON A. ADKINS, USAF, | ) | C.A. NO.: 04-1453-JJF |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| DONALD H. RUMSFELD, Secretary of Defense; | ) |  |
| JAMES G. ROCHE, Secretary of the Air Force; | ) |  |
| GEN. JOHN W. HANDY,Commander Air Mobility | ) |  |
| Command; COL. JOHN I. PRAY, JR., 436th Airlift | ) |  |
| Wing Commander, in their official capacities, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## [DEFENDANTS' PROPOSED] PROTECTIVE ORDER
## AND ORDER AUTHORIZING FILING UNDER SEAL

Upon defendant's motion, and having heard all parties, **IT IS HEREBY ORDERED,**

pursuant to Federal Rule of Civil Procedure 26(c) and the Privacy Act of 1974, 5 U.S.C.

§ 552a(b)(11), that defendants are authorized to file under seal certain documents subject to the

Privacy Act, 5 U.S.C. § 552a, as well as information which, if released more generally, might

intrude on the privacy interests of individuals not before the Court (hereafter "Protected

Materials"), without obtaining the prior written consent of the individuals to whom such records

or information pertain.

It is **FURTHER ORDERED** that:

1.    Pursuant to the provisions of this Order, defendants shall release to the attorneys

of record for plaintiff Jason A. Adkins records filed under seal that may be subject to the Privacy

Act, 5 U.S.C. § 552a, as well as information which, if released more generally, might intrude on the privacy interests of individuals not before the Court, without obtaining the prior written consent of the individuals to whom such records or information pertain.

2.     For purposes of this Protective Order, the term "record" as it relates to Privacy Act protected materials shall have the same meaning as set forth in the Privacy Act, 5 U.S.C. § 552a(a)(4).

3.     Protected Materials shall be marked "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking.

4.     Protected Materials and any and all information contained in such materials shall be used by those listed in paragraph 5 of this Order only for the sole purpose of this litigation and shall not be disclosed by plaintiff or plaintiff's counsel, in any manner whatsoever, to anyone for any other purpose, without modification of this Order.

5.     Except as otherwise provided by this Order, Protected Materials, and any copies thereof, and the information contained therein, may be disclosed by plaintiff or plaintiff's counsel only to:

a) attorneys for the parties to this litigation and persons regularly in the employ of the parties' attorneys assisting in this litigation;

b) the Court and its personnel, including court reporters;

c) witnesses and potential witnesses, but only to the extent that the applicable party believes important to elicit discoverable testimony and/or other evidence; and

d) consultants and expert witnesses consulted, retained, or hired by any party to

this litigation, but only to the extent that the applicable party, consultant or expert witness believes important to elicit the expert testimony and/or other evidence.

6.      Should plaintiff or plaintiff's counsel wish to disclose Protected Materials to any person other than those indicated in paragraph 5, or for any purpose other than those indicated in paragraphs 4 and 5, plaintiff's counsel shall first seek to meet and confer with defendants' counsel.  Thereafter, plaintiff or his counsel may, on motion, seek modification of this Protective Order from the Court.

7.      The manner of using any Protected Materials at the trial of this litigation shall, after consultation between counsel, be determined by the Court at or about the time when the final pretrial order is submitted to the Court.

8.      Defendants' failure to designate any materials as Protected Materials shall not constitute a waiver of any party's timely assertion that the materials are covered by this Protective Order.

9.      All individuals to whom Protected Materials are disclosed by plaintiff or by plaintiff's counsel shall destroy or return any and all Protected Materials and copies thereof in their possession to plaintiff's or defendants' counsel of record upon termination of this litigation, or when they are no longer a party to, or assigned, or retained to work on this litigation, whichever comes earlier.

10.     Protected Materials and all copies thereof (other than Protected Materials and copies presented in open court consistent with the provisions of this Order) must be destroyed or returned to defendants' counsel at the United States Department of Justice, Civil Division, within

thirty (30) days after the termination of this litigation, including any appeals. Any document created by plaintiff or his counsel which contains or reflects Protected Materials (other than documents presented in open court consistent with the provisions of this Order) must be destroyed when this litigation is terminated. Plaintiff's counsel shall certify to the destruction of all such documents not returned to the United States Department of Justice, Civil Division, within thirty (30) days of the termination of this litigation.

11.     Subject to the provisions of paragraph 5, nothing in this Protective Order affects the right of counsel to discuss with their client and potential witnesses any information contained in Protected Materials.

12.     This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible, and does not constitute a ruling on any potential objection to the production or admissibility of any material.

13.     Nothing in this Protective Order shall prevent disclosure as required by law or compelled by order of any court, or restrict the defendants or their counsel from any use of such material authorized by law. Nothing in this Order shall be construed to confer rights on any third party.

14.     Defendants shall be solely responsible for designating Protected Material.


Dated: _____          _____
                                        JOSEPH J. FARNAN, JR.
                                        United States District Judge


-4-