# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SSGT JASON A. ADKINS, USAF, | ) | C.A. NO.: 04-1453-JJF |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANTS'** |
| | ) | **MEMORANDUM OF** |
| DONALD H. RUMSFELD, Secretary of Defense; | ) | **LAW IN SUPPORT OF** |
| JAMES G. ROCHE, Secretary of the Air Force; | ) | **DEFENDANTS' MOTION** |
| GEN. JOHN W. HANDY,Commander Air Mobility | ) | **TO DISMISS** |
| Command; COL. JOHN I. PRAY, JR., 436th Airlift | ) | |
| Wing Commander, in their official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## EXHIBIT 1:

## AFFIDAVIT OF RONALD J. MAHONEY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SSGT. JASON A. ADKINS, USAF,     )     C.A. NO.: 04-1453-JJF
     )
     Plaintiff,     )
     )
v.     )
     )
DONALD H. RUMSFELD, Secretary of Defense; )
JAMES G. ROCHE, Secretary of the Air Force;   )
GEN. JOHN W. HANDY, Commander Air Mobility)
Wing; COL. JOHN I. PRAY, JR., 436th Air Wing  )
Commander, in their official capacities,     )
     )
     Defendants.     )

**AFFIDAVIT OF RONALD J. MAHONEY**

I, Ronald J. Mahoney, state under penalty of perjury the following:

1.     I am a Senior Master Sergeant in the United States Air Force. I am

currently stationed at Dover Air Force Base where I serve as the Chief

Flight Engineer in the Third Airlift Squadron, a component of the 436th

Airlift Wing. In that capacity, I am responsible for the leadership and

management of approximately fifty flight engineers. I have served in that

capacity since August 2004. Prior to that time, I served as Flight

Superintendent Engineer at Dover and McGuire Air Force Bases.

2.     At the time of the events described in plaintiff's Amended Complaint,

Jason Adkins served as a Staff Sergeant in the Third Airlift Squadron

under my supervision. On October 21, 2004, Jason Adkins was on alert

1

status.

3.    On October 21, 2004, Technical Sergeant Terrence Miller, a flight
     scheduler also under my supervision, informed me that he had left a
     message earlier that day on Jason Adkins' home telephone to notify him of
     an expected high-priority mission scheduled for the following morning.
     TSgt Miller informed me that SSgt Adkins returned his call shortly
     thereafter to inform him that he was on his way to see a flight surgeon.
     TSgt Miller further informed me that SSgt Adkins later told him that the
     flight surgeon had changed his status to "Duties Not to Include Flying"
     and, therefore, SSgt Adkins would be unable to participate in the mission.

4.    Through TSgt Miller, I ordered SSgt Adkins to appear in my office the
     next morning, October 22, 2004.  At that time, I gave SSgt Adkins a letter
     of reprimand and counseled him about the disruption caused to the alert
     mission by his failure to properly notify the squadron of his intention to
     seek medical attention in a more timely manner.

5.    Prior to my meeting with SSgt Adkins on the morning of October 22,
     2004, I did not know what SSgt Adkins said to the flight surgeon who
     examined him on October 21, 2004.  Specifically, I did not know whether
     SSgt Adkins had asked the flight surgeon whether any headaches or other
     medical condition that he may have described to the flight surgeon could
     be related to any anthrax vaccinations that SSgt Adkins may have
     received.  I also did not know what, if any, response the flight surgeon
     may have made to any such inquiries.

2

6.  At the time of my meeting with SSgt Adkins on the morning of October 22, 2004, SSgt Adkins did not tell me that he had asked the flight surgeon whether any headaches or other medical condition could be related to any anthrax vaccinations that he may have received, nor did SSgt Adkins tell me what, if any, response the flight surgeon may have made to any such inquiry.

7.  At our meeting on the morning of October 22, 2004, I advised SSgt Adkins that he may submit a written response to the letter of reprimand. SSgt Adkins submitted written comments dated October 26, 2004.

8.  On the morning of October 27, 2004, I read the written comments that SSgt Adkins had submitted and spoke briefly with him about them. Neither in his written comments dated October 26, 2004, nor in my conversation with SSgt Adkins on the morning of October 27, 2004, was there any reference to whether SSgt Adkins had asked the flight surgeon whether any headaches or other medical condition that he may have described to the flight surgeon could be related to any anthrax vaccinations that SSgt Adkins may have received.

3

9.    A short while later on the morning of October 27, 2004, I learned that this matter had been referred to the Inspector General.  I decided to leave the matter as it was.  I have taken no further action with regard to the letter of reprimand and, specifically, I have not placed the letter of reprimand and/or SSgt Adkins written comments in SSgt Adkins' official personnel files.

Dated:  January 9, 2006

Ronald J. Mahoney, SMSgt, USAF

4