IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SSGT JASON A. ADKINS, USAF, | ) | C.A. NO.: 04-1453-JJF |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANTS'** |
| | ) | **MEMORANDUM OF** |
| DONALD H. RUMSFELD, Secretary of Defense; | ) | **LAW IN SUPPORT OF** |
| JAMES G. ROCHE, Secretary of the Air Force; | ) | **DEFENDANTS' MOTION** |
| GEN. JOHN W. HANDY, Commander Air Mobility | ) | **TO DISMISS** |
| Command; COL. JOHN I. PRAY, JR., 436th Airlift | ) | |
| Wing Commander, in their official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**EXHIBIT 2:**

**AFFIDAVIT OF TERRENCE MILLER**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SSGT. JASON A. ADKINS, USAF, | ) | C.A. NO.: 04-1453-JJF |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD H. RUMSFELD, Secretary of Defense; | ) | |
| JAMES G. ROCHE, Secretary of the Air Force; | ) | |
| GEN. JOHN W. HANDY, Commander Air Mobility | ) | |
| Wing; COL. JOHN I. PRAY, JR., 436th Air Wing | ) | |
| Commander, in their official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF TERRENCE MILLER

I, Terrence Miller, state under penalty of perjury the following:

1. I am a Technical Sergeant in the United States Air Force. I am currently stationed at Dover Air Force Base where I serve as a Flight Engineer and Flight Scheduler in the Third Airlift Squadron, a component of the 436th Airlift Wing. I have served in that capacity since September 01, 2002. Prior to that time, I served as Instructor Flight Engineer at McChord Air Force Base.

2. At the time of the events described in plaintiff's Amended Complaint, Jason Adkins served as a Staff Sergeant in the Third Airlift Squadron under my scheduling supervision. On October 21, 2004, Jason Adkins was on alert status.

3. On October 21, 2004, I left a message on Jason Adkins' home telephone

       to notify him of an expected high-priority mission scheduled for the following morning. SSgt Adkins returned my call shortly thereafter to inform me that he was on his way to see a flight surgeon. SSgt Adkins later told me that the flight surgeon had changed his status to "Duties Not to Include Flying" and, therefore, SSgt Adkins would be unable to participate in the mission.

4. I gave this information to Senior Master Sergeant Ronald J. Mahoney later that same day. SMSgt Mahoney ordered me to instruct SSgt Adkins to appear in his office the next morning, October 22, 2004.

5. At the time of these events, I had no knowledge what SSgt Adkins said to the flight surgeon who examined him on October 21, 2004. Specifically, I did not know whether SSgt Adkins asked the flight surgeon whether any headaches or other medical condition that he may have described to the flight surgeon could be related to any anthrax vaccinations that SSgt Adkins may have received. I also did not know what, if any, response the flight surgeon may have made to any such inquiries. I neither conveyed nor was asked to convey any such information to SMSgt Mahoney.

Dated: January 09, 2006

Terrence A. Miller, TSgt, USAF