**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SSGT JASON A. ADKINS, USAF, | ) | C.A. NO.: 04-1453-JJF |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANTS'** |
| | ) | **MEMORANDUM OF** |
| DONALD H. RUMSFELD, Secretary of Defense; | ) | **LAW IN SUPPORT OF** |
| JAMES G. ROCHE, Secretary of the Air Force; | ) | **DEFENDANTS' MOTION** |
| GEN. JOHN W. HANDY,Commander Air Mobility | ) | **TO DISMISS** |
| Command; COL. JOHN I. PRAY, JR., 436th Airlift | ) | |
| Wing Commander, in their official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**EXHIBIT 6:**

**AFFIDAVIT OF DANIEL K. LEAR**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SSGT JASON A. ADKINS, USAF,                    )        C.A. NO.: 04-1453-JJF
                                               )
                 Plaintiff,                    )
                                               )
         v.                                    )
                                               )
DONALD H. RUMSFELD, Secretary of Defense;      )
JAMES G. ROCHE, Secretary of the Air Force;    )
GEN. JOHN W. HANDY, Commander, Air             )
Mobility Command; COL. JOHN I. PRAY, JR.,      )
436th Airlift Wing Commander, in their official )
capacities,                                    )
                 Defendants.                    )

## AFFIDAVIT OF DANIEL K. LEAR

I, Daniel K. Lear, state under penalty of perjury that the foregoing is true and correct:

1.      I am currently assigned to the Department of Defense, Office of the Inspector General, located in Arlington, VA, where I serve as a Military Reprisal Investigator. I have served in that capacity since November 28, 2005. Prior to my current assignment, I was stationed at Dover Air Force Base where I served as the 436th Airlift Wing Inspector General. I served in that capacity from January 6, 2003 to October 15, 2005. I retired from the Air Force in the grade of Lieutenant Colonel on December 31, 2005.

2.      I certify that the attached two documents (436 AW/IG Complaint Analysis # 2004-07858, dated October 26, 2004; and Letter of Advisement to SSgt

Adkins, dated November 10, 2004) are true and accurate copies of the

original documents, which were personally prepared and signed by me.

Executed on:  January 17, 2006

Daniel K. Lear
Military Reprisal Investigations
DoD Inspector General

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SSGT JASON A. ADKINS, USAF,       ) | C.A. NO.: 04-1453-JJF |
|                     ) | |
|          Plaintiff,        ) | |
|                     ) | |
|          v.               ) | **DEFENDANTS'** |
|                     ) | **MEMORANDUM OF** |
| DONALD H. RUMSFELD, Secretary of Defense;    ) | **LAW IN SUPPORT OF** |
| JAMES G. ROCHE, Secretary of the Air Force;    ) | **DEFENDANTS' MOTION** |
| GEN. JOHN W. HANDY,Commander Air Mobility ) | **TO DISMISS** |
| Command; COL. JOHN I. PRAY, JR., 436th Airlift ) | |
| Wing Commander, in their official capacities,    ) | |
|                     ) | |
|         Defendants.          ) | |

**EXHIBIT 6-A:**

**LETTER OF ADVISEMENT TO SSGT ADKINS,**
**DATED NOVEMBER 10, 2004**

*2004-07858*

*File 11-4*
*ec*



**DEPARTMENT OF THE AIR FORCE**
HEADQUARTERS 436TH AIRLIFT WING (AMC)

10 November 2004

436th Airlift Wing Inspector General
263 Chad Street, Suite 302
Dover AFB, DE 19902-5263

SSgt Jason A. Adkins
110 Savannah Drive
Smyrna, DE 19977

Dear SSgt Adkins

You provided a complaint to the 436th Airlift Wing Inspector General on 26 October 2004. You alleged abuse of authority because the Chief Flight Engineer, SMSgt Ronald Mahoney, issued you a letter of reprimand and required you to perform duties within the squadron.

Regarding this complaint, abuse of authority did not occur. SMSgt Mahoney acted within his authority as Chief Flight Engineer to discipline you for failing to keep the squadron informed that you were feeling ill while on NVG alert status. You were given a letter of reprimand that was not part of your official personnel file as a means of demonstrating the importance of keeping the squadron leadership informed when you are feeling ill. The subsequent duties you were required to perform within the squadron are not demeaning, but afford you the opportunity to make a positive contribution to the squadron mission while in a DNIF status. These duties are shared by other members of the squadron when they cannot fly due to DNIF status.

I remind you that you are protected from reprisal for having made a lawful communication to an IG on a subject that you believe is evidence of wrongdoing or violation of the law. Reprisal is defined as taking or threatening to take an unfavorable personnel action or withholding or threatening to withhold a favorable personnel action against a member for making or preparing a protected disclosure with the IG. A reported incidence of reprisal will be thoroughly investigated and acted upon immediately. If you ever feel a need to make a reprisal complaint, visit your local Inspector General office and they will provide you with appropriate guidance.

Sincerely

DANIEL K. LEAR, Lt Col, USAF
Inspector General

AMC—Global Reach for America

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SSGT JASON A. ADKINS, USAF,        )     C.A. NO.: 04-1453-JJF
                                     )

          Plaintiff,             )

                                )

         v.                   )     **DEFENDANTS'**

                                )     **MEMORANDUM OF**

DONALD H. RUMSFELD, Secretary of Defense;  )     **LAW IN SUPPORT OF**
JAMES G. ROCHE, Secretary of the Air Force;  )     **DEFENDANTS' MOTION**
GEN. JOHN W. HANDY,Commander Air Mobility )     **TO DISMISS**
Command; COL. JOHN I. PRAY, JR., 436th Airlift )
Wing Commander, in their official capacities,    )

                                )

          Defendants.         )

**EXHIBIT 6-B:**

**436 AW/IG COMPLAINT ANALYSIS # 2004-07858,**
**DATED OCTOBER 26, 2004**

**SEALED DOCUMENT**