## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SSGT JASON A. ADKINS, USAF,<br><br>         Plaintiff,<br><br>    v.<br><br>DONALD H. RUMSFELD, Secretary of Defense;<br>JAMES G. ROCHE, Secretary of the Air Force;<br>GEN. JOHN W. HANDY, Commander Air<br>Mobility Command, COL. JOHN I. PRAY, JR.,<br>436th Air Wing Commander, in their official<br>capacities,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. Act. No. 04-1453-JJF |

## RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND FOR PERMISSION TO FILE DOCUMENTS UNDER SEAL

### I.    INTRODUCTION

Plaintiff opposes defendants' Motion for a Protective Order and For Permission To File

Documents Under Seal ("Defs. Mot. For Prot. Order") (D.I. 27).  Although plaintiff does not oppose the

filing under seal of materials that are subject to the Privacy Act,[1] the Act does not require this Court to

enter an order as restrictive as the one proposed here by defendants.

In deciding whether and to what extent a protective order should be imposed, the Court is faced

with conflicting interests.  First, the Third Circuit has emphasized the presumptive right of access to

materials filed in court., *Leucadia, Ind. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 164 (3d

Cir. 1993).  ("There is a presumptive right of public access to pretrial motions of a nondiscovery nature,

---

[1] Records that are subject to the Privacy Act include those that address a person's "education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph." 5 U.S.C. § 552a(a)(4).  Absent consent from the person whose information is contained in the record, the agency is obligated to not disclose this type of information. *See id.* at 552a(b) ("No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains [subject to 12 exceptions].").

whether preliminary or dispositive, and the material filed in connection therewith.") "[T]he filing of a document gives rise to a presumptive right of access." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 783 (3d Cir. 1994).

On the other hand, Federal Rule of Civil Procedure 26(c) recognizes that "for good cause shown," a court should enter a protective order. "[T]here is good cause when a party shows that disclosure will result in a clearly defined, specific and serious injury." *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005). However, "broad allegations of harm are *not sufficient* to establish good cause." *Id.* (emphasis added). Defendants' proposed order is too broad and fails to limit appropriately the information that should be covered by a protective order. At best, defendants have broadly alleged harm to privacy interests. At worst, they have not set forth any allegations of harm, and have only indicated that they, as a general matter, wish to file records which "contain Privacy Act-protected materials . . . that are not readily susceptible to redaction or other measures of partial protection of this information." Defs. Mot. For Prot. Order, ¶ 5. Both scenarios fall far short of meeting the Third Circuit's standard of a "clearly defined, specific and serious injury." *Shingara*, 420 F.3d at 306. *See also Pansy*, 23 F.3d at 786.

Furthermore, in cases involving public officials and issues important to the public, protective orders should not be taken lightly. The public's interest in access "is particularly legitimate and important where, as in this case, at least one of the parties to the action is a public entity or official." *Pansy*, 23 F.3d at 786. *See also Shingara*, 420 F.3d at 307. The defendants in this case are all public officials being sued in their official capacities. Accordingly, the public has an overarching interest in how these public servants are performing their public duties.

## II.    DEFENDANTS' PROPOSED PROTECTIVE ORDER

The scope of defendants' proposed order should be modified to reflect the specific needs of the Motion to Dismiss currently before this Court. As currently drafted, defendants' proposed order is overly broad because it extends beyond the requirements of the Privacy Act and fails to identify a reasonable test for determining which materials will be covered by the order going forward. Consequently, plaintiff seeks the following modifications to defendants' proposed order. First, the order should be limited to

materials filed in relation to defendants' Motion to Dismiss. If needed, the parties can negotiate a reasonable protective order going forward as to all materials that may require filing under seal.

Second, for the Exhibits at issue in defendants' Motion to Dismiss, the only limitation on disclosure should be the limitations of the Privacy Act. Currently, however, defendants' proposed order contains a much broader standard. *See* Proposed Order, ¶ 1 ("records filed under seal that *may* be subject to the Privacy Act, *as well as information which, if released more generally, might intrude* on the privacy interests of individuals not before the Court") (emphasis added) (internal citations omitted). This language fails to provide an appropriate and objective test for determining which material may be subject to the Proposed Order. In fact, it merely establishes grounds for defendants to select, without standard, transparent criteria, which documents they decide should be filed under their Proposed Order. Given the Third Circuit's strong presumption in favor of public access as well as the defendants' failure to meet the heavy burden of showing the requisite good cause, this Court should appropriately limit any protective order granted as to the Exhibits at issue to information covered by the Privacy Act.

Finally, under the terms of defendants' Proposed Order, it is not clear that plaintiff has the ability to disclose his own personal information to the public, if that information has been designated "SUBJECT TO PROTECTIVE ORDER." The expansive language of the Proposed Order should not prevent plaintiff from sharing his own information with the public.

Should the Court deem a protective order necessary in this case, the terms of the order should be negotiated between the parties and approved by this Court..

## III.    FILING SPECIFIC EXHIBITS UNDER SEAL

As noted in plaintiff's Motion to Strike, Exhibits 1,2,3,4, 6, 8 and 9 should be stricken from the record and not considered by this Court in its examination of defendants' motion to dismiss. To the extent necessary for this filing and/or if the exhibits are not stricken from the record, plaintiff does not oppose the filing of Exhibits 5A,. 5B and 5C under seal. All remaining exhibits should be categorized as a matter of public record and not be filed under seal.

## CONCLUSION

For the forgoing reasons, the Court should deny Defendants' Motion for a Protective Order and

For Permission To File Documents Under Seal and order that only Exhibits 5A, 5B and 5C be filed under

seal.

Respectfully Submitted,

**THE NEUBERGER FIRM, P.A.**

/s/ Stephen J. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Attorneys for Plaintiff Jason A. Adkins

**ARNOLD & PORTER L.L.P.**
Susan Cassidy, Esq.
Randall Shaheen, Esq.
M. Katherine Stroker, Esq
Alexander Major, Esq
555 12th Street, NW
Washington, DC 20004
202-942-5000 (phone)
202-942-5999 (fax)

Attorneys for Plaintiff Jason A. Adkins

**THE RUTHERFORD INSTITUTE**
**JOHN W. WHITEHEAD, ESQ.**
**DOUGLAS MCKUSICK, ESQ.**
P.O. Box 7482
Charlottesville, VA 22906
(434) 978-3888
JohnW@Rutherford.org
DouglasM@Rutherford.org

Of Counsel

Dated:  March 15, 2006

**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SSGT JASON A. ADKINS, USAF, ) <br><br> Plaintiff, ) <br><br> v. ) <br><br> DONALD H. RUMSFELD, Secretary of Defense; ) <br> JAMES G. ROCHE, Secretary of the Air Force; ) <br> GEN. JOHN W. HANDY, Commander Air ) <br> Mobility Command, COL. JOHN I. PRAY, JR., ) <br> 436th Air Wing Commander, in their official ) <br> capacities, ) <br><br> Defendants. ) | Civ. Act. No. 04-1453-JJF |

**[PLAINTIFF'S PROPOSED] ORDER**

Having heard all parties, **IT IS HEREBY ORDERED,** that Defendants' Motion For A Privacy Act Protective Order And For Permission To File Four Exhibits In Support Of Defendants' Motion To Dismiss Under Seal is **DENIED.**

**IT IS FURTHER ORDERED,** that only Exhibits 5A, 5B and 5C be filed under seal.

Dated: _____

_____
JOSEPH J. FARNAN, JR.
United States District Judge

## CERTIFICATE OF SERVICE

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on

March 15, 2006, I electronically filed this Response in Opposition to Defendants' Motion for a

Protective Order with the Clerk of the Court using CM/ECF which will send notification of such

filing to the following:

> Rudolph Contreras, Esq.
> Assistant U.S. Attorney
> Chief, Civil Division, U.S. Department of Justice
> 1007 N. Orange Street, Suite 700
> Wilmington, DE 19899-2046
> Rudolph.Contreras@usdoj.gov
>
> Jeffrey D. Kahn, Esq.
> Trial Attorney, Federal Programs Branch
> Civil Division, U.S. Department of Justice
> P.O. Box 883 Ben Franklin Station
> 20 Massachusetts Ave., N.W.
> Washington, DC 20044
> Jeffrey.Kahn@usdoj.gov

> /s/ Stephen J. Neuberger
> **STEPHEN J. NEUBERGER, ESQ.**