IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SSGT JASON A. ADKINS, USAF,    :
                                :
              Plaintiff,        :
                                :
        v.                      :  Civil Action No. 04-1453-JJF
                                :
DONALD H. RUMSFELD,             :
Secretary of Defense, et al.,  :
                                :

_____

John W. Whitehead, Esquire and Douglas McKusick, Esquire of THE
RUTHERFORD INSTITUTE, Charlottesville, Virginia.
Susan Cassidy, Esquire; Randall Shaheen, Esquire; M. Katherine
Stroker, Esquire and Alexander Major, Esquire of ARNOLD & PORTER
L.L.P., Washington, D.C.
Thomas S. Neuberger, Esquire and Stephen J. Neuberger, Esquire of
THE NEUBERGER FIRM, P.A., Wilmington, Delaware.

Attorneys for Plaintiff.

Lt. Col. Donna M. Verchio, Esquire, Staff Judge Advocate, of
DOVER AIRFORCE BASE, Major Charles D. Musselman, Jr., Esquire of
Military Personnel Branch, General Litigation Division, Air Force
Legal Services Agency, Dover, Delaware.
Peter D. Keisler, Esquire, Vincent M. Garvey, Esquire, Deputy
Branch Director; and Jeffrey D. Kahn, Esquire, Trial Attorney,
Federal Programs Branch, Civil Division of the UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C.
Colm F. Connolly, Esquire, United States Attorney and Douglas
McCann, Esquire, Assistant United States Attorney of the UNITED
STATES DEPARTMENT OF JUSTICE, Wilmington, Delaware.

Attorneys for Defendants.

_____

**MEMORANDUM OPINION**

August 24, 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Defendants' Motion To Dismiss
(D.I. 28) the Amended Complaint filed by Plaintiff, Ssgt Jason A.
Adkins, USAF.  For the reasons discussed, the Court will grant
Defendants' Motion To Dismiss the Amended Complaint as it
pertains to Count II of the Amended Complaint and Plaintiff's
request for relief in the form of access to information
Defendants possess regarding the health-related effects of the
squalene containing anthrax vaccine.  In addition, the Court will
deny the Motion To Dismiss as it pertains to Count I of the
Amended Complaint and the remaining relief sought by Count I.

BACKGROUND

The factual background relevant to this action has been set
forth fully by the Court in its previous decision resolving
Defendants' initial Motion To Dismiss Plaintiff's Complaint.
<u>Adkins v. Rumsfeld</u>, 389 F. Supp. 2d 579, 582-584 (D. Del. 2005).
Plaintiff's original Complaint contained a single cause of action
alleging retaliation based upon Plaintiff's constitutionally
protected speech.  By his Amended Complaint (D.I. 25), Plaintiff
has added new factual allegations and a second cause of action
alleging retaliatory harassment in violation of the Petition
Clause of the First Amendment.

With respect to his claim of retaliatory harassment,
Plaintiff alleges in his Amended Complaint that in the months

1

following the filing of this action, Defendants created a hostile

work environment for Plaintiff and caused his employment

conditions to become intolerable.  Plaintiff alleges that copies

of his lawsuit and newspaper articles pertaining to his lawsuit

were placed on his desk and posted on billboards in public

locations throughout the base.  Plaintiff alleges that his co-

workers treated him differently, refusing to greet him or shake

hands with him, even though they had done so prior to the filing

of this lawsuit.  Plaintiff also alleges that his supervisors

treated him differently after he filed this lawsuit and

retaliated against him for exercising his rights to petition the

Court.  Specifically, Plaintiff alleges his work was subject to

more intense scrutiny by his supervisors than before he filed the

lawsuit, that he was "punished" with night shift assignments and

isolated from his coworkers, and that his performance evaluation

scores fell from the highest rating of fives in each category, to

fours and one three.  Plaintiff also contends that once he was

officially noticed that he was disqualified from flying for

medical reasons, his supervisors ordered him to stop wearing his

flight suit and to dress in his camouflage clothes ("BDUs"), an

order that was extremely rare and intended to humiliate him.

Plaintiff also alleges that his supervisors threatened to take

away is aircrew badge, or "wings."  Plaintiff contends that the

treatment he received by his supervisors was inconsistent with

2

the treatment given to other airmen who had been disqualified from flying for medical reasons. As a result of the alleged humiliation and retaliation he suffered at work, Plaintiff alleges that he left the Air Force on May 15, 2005.

### STANDARD OF REVIEW

#### I.   Standard Under Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989). Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957).

As a general matter, a court may not consider matters outside the pleadings when adjudicating a motion to dismiss. However, a court may consider "document[s] integral to or explicitly relied upon in the complaint" without converting a

3

motion to dismiss to a motion for summary judgment.  In re
Rockefeller Center Properties, Inc. Securities Litigation, 184
F.3d 280, 287 (3d Cir. 1999).  Judicial notice of public records
outside the pleadings is also permitted on a motion to dismiss.

## II.  Standard Under Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes
dismissal of a complaint for lack of jurisdiction over the
subject matter, or if the plaintiff lacks standing to bring his
claim.  Motions brought under Rule 12(b)(1) may present either a
facial or factual challenge to the Court's subject matter
jurisdiction.  In reviewing a facial challenge under Rule
12(b)(1), the standards relevant to Rule 12(b)(6) apply.  In this
regard, the Court must accept all factual allegations in the
Complaint as true, and the Court may only consider the complaint
and documents referenced in or attached to the complaint.  Gould
Electronics Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000).  In
reviewing a factual challenge to the Court's subject matter
jurisdiction, the Court is not confined to the allegations of the
complaint, and the presumption of truthfulness does not attach to
the allegations in the complaint.  Mortensen v. First Fed. Sav.
and Loan, 549 F.2d 884, 891 (3d Cir. 1977).  Instead, the Court
may consider evidence outside the pleadings, including
affidavits, depositions and testimony, to resolve any factual
issues bearing on jurisdiction.  Gotha v. United States, 115 F.3d

4

176, 179 (3d Cir. 1997). Once the Court's subject matter
jurisdiction over a complaint is challenged, the plaintiff bears
the burden of proving that jurisdiction exists. Mortensen, 549
F.2d at 891.

DISCUSSION

I.   **Whether Plaintiff's Complaint Should Be Dismissed For Lack
     Of Subject Matter Jurisdiction**

    A.   Whether The United States Has Sovereign Immunity From
          Plaintiff's Suit

By their Motion, Defendants contend that Plaintiff's Amended
Complaint should be dismissed in its entirety, because Plaintiff
has not established that the United States has waived its
sovereign immunity. In his Amended Complaint, Plaintiff asserts
jurisdiction under 28 U.S.C. §§ 1331, 1361, 2201, 2202 and the
First Amendment of the United States Constitution. According to
Defendants, none of these sources of jurisdiction provide for a
waiver of sovereign immunity. Defendants also contend that
Section 702 of the Administrative Procedure Act ("APA"), which
provides for a waiver of sovereign immunity in nonstatutory
review of agency actions under Section 1331, does not apply in
this case, because Plaintiff seeks money damages in the form of
reinstatement to the Air Force with "full benefits" and pay,
which necessarily includes back pay. Defendants further contend
that, because Plaintiff seeks monetary damages and incidental
nonmonetary relief, he has an adequate remedy under the Tucker

Act in the United States Court of Federal Claims that precludes a waiver of sovereign immunity under the APA in other courts.

Plaintiff contends that he did not request back pay in his Amended Complaint, but regardless of any issue regarding back pay, Plaintiff points out that he is no longer seeking reinstatement, and therefore, Defendants' argument concerning money damages is moot. Plaintiff contends that the remaining relief he seeks is equitable and declaratory in nature, and therefore, the Tucker Act does not preclude the Court from exercising jurisdiction over this matter. In addition, Plaintiff contends that the waiver of sovereign immunity contained in Section 702 of the APA applies in this case, despite the fact that he did not explicitly refer to Section 702 in his Amended Complaint.

Because Plaintiff no longer seeks monetary relief and his claims are limited to declaratory and equitable relief, the Court concludes that the Tucker Act does not apply to Plaintiff's Complaint. Pursuant to Section 702 of the APA, the United States has waived sovereign immunity for any actions "seeking relief other than money damages." 5 U.S.C. § 702. Thus, the waiver of sovereign immunity contained in Section 702 applies to suits against the United States seeking equitable and declaratory relief. See 4 K. Davis Administrative Law Treatise § 23:19 at 195 (2d ed. 1983); see also Panola Land Buyers Assn. v. Shuman,

6

762 F.2d 1550, 1555 (11th Cir. 1985) ("The defense of sovereign immunity is waived in actions against federal government agencies seeking nonmonetary relief if the agency conduct is itself subject to judicial review."); <u>Jaffee v. United States</u>, 592 712, 718 (3d Cir.), <u>cert.</u> <u>denied</u>, 441 U.S. 961 (1979) (holding that § 702 of APA waived sovereign immunity for suits brought under 28 U.S.C. § 1331). Although Plaintiff did not expressly plead Section 702 in his Amended Complaint, some courts have declined to dismiss a complaint on that basis alone, where as here, the allegations of the complaint support jurisdiction. <u>See</u> <u>e.g.</u> <u>Assiniboine and Sioux Tribes v. Board of Oil and Gas Conservation</u>, 792 F.2d 782, 792-793 (9th Cir. 1986) (relying on <u>Jaffee</u> to hold that a complaint should not be dismissed for failure to expressly plead waiver of sovereign immunity under the APA); <u>Ruggerio v. United States</u>, 2005 WL 678743, *2 (D. Md. Jan. 31, 2005). Accordingly, the Court concludes that Plaintiff's claims are not barred by sovereign immunity and are not outside the jurisdiction of this Court under the Tucker Act. However, the Court concludes that the Amended Complaint should be further amended to affirmatively and explicitly plead a waiver of sovereign immunity, and therefore, Plaintiff will be given leave to file a Second Amended Complaint.

B.    Whether Count I Should Be Dismissed For Lack Of Standing

Defendants also contend that Count I of the Amended Complaint should be dismissed for lack of standing, because "Plaintiff's alleged injury--retaliatory discipline--is only fairly traceable to defendants' challenged inaction if plaintiff's administrative LOR was in fact retaliatory."  (D.I. 29 at 19.)  Defendants contend that Plaintiff could not have been disciplined for his speech to the flight surgeon if SMSgt Mahoney had no knowledge of his speech.  Defendants further point out that Plaintiff's Amended Complaint lacks any allegation that anyone knew of Plaintiff's speech before he was disciplined. Thus, Defendants contend that they could not have "ratified, sanctioned, authorized, approved or participated" in retaliation against Plaintiff for his speech, if SMSgt Mahoney reprimanded Plaintiff in the first instance without knowledge of his speech. In support of their argument, Defendants offer the affidavits of SMSgt Mahoney and TSgt Miller declaring neither were aware of the content of Plaintiff's allegedly protected speech, and the affidavit of Capt Bernardin, the flight surgeon, that he neither informed anyone, nor was asked by anyone about the content or subject matter of his conversation with Plaintiff.

In response, Plaintiff contends that the Court previously found that causation was sufficiently pled so as to withstand

8

Defendants' first motion to dismiss. Plaintiff contends that it is inappropriate to turn causation into a matter to be resolved during the pleading stage, particularly where, as here, causation is intertwined with one of the elements needed to establish Plaintiff's claim that he was retaliated against for his constitutionally protected speech.

In its decision denying Defendants' first Motion To Dismiss, the Court addressed the issue of causation in the context of Rule 12(b)(6) and declined to dismiss the case for lack of standing relying on its discussion of causation under Rule 12(b)(6). Adkins, 389 F. Supp. 2d at 587-588. In other words, the Court only considered subject matter jurisdiction in the context of a facial challenge to the Complaint. By contrast, in this Motion, Defendants have cast the question of causation as a matter of standing to be addressed by the Court in the context of a Rule 12(b)(1) factual challenge to subject matter jurisdiction. Such a factual challenge under Rule 12(b)(1) permits the Court to expand its inquiry beyond the allegations of the Amended Complaint and consider matters outside the pleadings including the affidavits and other documents offered by Defendants to demonstrate that Plaintiff lacks standing to pursue his claim. See e.g. Gotha, 115 F.3d at 179; Borough of Carlstadt v. United States Army Corps. of Engineers, 2006 WL 305314, *3 (D.N.J. Feb. 8, 2006) (discussing standing under Rule 12(b)(1)).

Because Plaintiff bears the burden of establishing subject matter jurisdiction and the Court is persuaded that this issue should be addressed in the context of summary judgment, rather than in the context of a motion to dismiss, the Court will permit Plaintiff to conduct limited discovery on those issues relevant to the causation prong of the standing inquiry so that the Court can fully evaluate the issue. In this regard, Plaintiff has filed a Rule 56(f) affidavit seeking discovery on numerous issues. The Court has reviewed the issues raised by Plaintiff in that affidavit and concludes that discovery is appropriate on the following subjects:

1) the facts underlying the assertions contained in the affidavits submitted by Defendants in support of their motion to dismiss;

2) who within the government was aware of Plaintiff's complaints relating to the allegedly tainted vaccine, when they were aware, and how they found out;

3) SMSgt Mahoney's intent and motives in issuing the LOR to Plaintiff, and who among SMSgt's superiors approved and/or directed his issuance of the LOR;

4) SMSgt Mahoney's and TSgt Miller's knowledge of Plaintiff's health conditions; and

5)     communications between SMSgt Mahoney and superiors as
they relate to the causation prong of the standing inquiry.

To facilitate this discovery, the Court will order the
parties to file a stipulated proposed Scheduling Order, including
the number and duration of depositions and the number of
interrogatories permitted for each side.  If the parties cannot
agree on a proposed Scheduling Order, the parties shall each
submit a proposed Scheduling Order, highlighting the areas of
disagreement, along with a letter memorandum (not to exceed 3
pages in length) setting forth their respective views on the
areas of disagreement.  Once discovery is completed, the Court
will entertain this issue in the context of summary judgment
proceedings.  Accordingly, the Court will deny Defendants' Motion
To Dismiss as it pertains to Count I, with leave to refile the
Motion To Dismiss as a Motion For Summary Judgment.  To the
extent additional briefing is deemed necessary by the parties
once the Motion For Summary Judgment has been filed, the parties
shall adhere to the local rules for briefing, unless another
schedule is stipulated to by the parties in writing.

C.     Whether Plaintiff Has Standing To Pursue Each Form Of
       Relief Sought

Defendants next contend that the Court lacks jurisdiction
over Plaintiff's Amended Complaint, because Plaintiff is not
entitled to the relief he seeks as a matter of law.  Though not

11

couched by Defendants in terms of standing specifically, the
Court understands that Defendants' arguments are properly
considered challenges to Plaintiff's standing.

By his Amended Complaint, Plaintiff seeks (1) judgment
against Defendants; (2) declaratory judgment declaring
Defendants' actions to be illegal, unconstitutional and invalid;
(3) a permanent injunction requiring Defendants to provide
Plaintiff with all information Defendants hold regarding the
health related effects of the squalene tainted anthrax vaccine so
that Plaintiff can ensure that his health care providers are
adequately informed; (4) a reparative injunction directing
Defendants to remove any and all adverse material from
Plaintiff's personnel file, including the LOR; (5) a reparative
injunction directing each Defendant to place a signed apology in
Plaintiff's personnel file; (6) reinstatement to the Air Force,
and (7) attorneys' fees and costs. However, in the context of
his Answering Brief to Defendants' Motion To Dismiss, Plaintiff
has withdrawn his request to be reinstated to the Air Force.
Based on the withdrawal of his request for reinstatement,
Defendants contend that Plaintiff has set forth no relief that
would redress the claimed violation of his First Amendment
rights.  However, Defendants do not address the fact that
Plaintiff also seeks declaratory judgment against Defendants.
Thus, regardless of whether Plaintiff would be entitled to the

other forms of relief he seeks, Plaintiff would be entitled to a declaratory judgment if his claim is ultimately successful, and therefore, the Court cannot dismiss the Amended Complaint on the grounds that it fails to seek any cognizable form of relief.

As for Defendants remaining arguments concerning the reparative injunctive relief that Plaintiff seeks, Defendants argue that (1) the LOR is not in Plaintiff's "official" personnel file, and therefore, Plaintiff is not entitled to its removal; and (2) Plaintiff is not entitled to either the retraction of the LOR or a letter of apology, because neither will redress his injuries now that he has withdrawn his request for reinstatement to the Air Force. It appears to the Court, however, that each of the arguments advanced by Defendants with respect to these forms of relief implicate factual issues, which are not suitable for resolution on a motion to dismiss. Accordingly, the Court cannot conclude at this juncture that Plaintiff is not entitled to the reparative injunctive relief he seeks.

As for Plaintiff's remaining request for a permanent injunction requiring Defendants to disclose all information related to the squalene containing anthrax vaccine, the Court concludes that Plaintiff has not demonstrated that this form of relief would redress the First Amendment violation alleged in his Amended Complaint, and therefore, Plaintiff lacks standing to pursue this particular form of relief. <u>Friends of the Earth,</u>

13

Inc. v. Laidlaw Environmental Services, 528 U.S. 167, 185 (2000)
(requiring plaintiff to demonstrate standing separately for each
form of relief sought). While it is true that the speech for
which Plaintiff was allegedly disciplined pertained to the
anthrax vaccine, that does not mean that Plaintiff's lawsuit is
about the anthrax vaccination itself or the government's program
related to that vaccination. In this regard, Plaintiff has not
demonstrated how the relief requested, i.e. access to all
information Defendants hold regarding the health-related effects
of the squalene containing anthrax vaccine, would redress the
constitutional violation he alleges.

Plaintiff directs the Court to the Supreme Court's decision
in Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980) to
argue that he has a "qualified" right to access particular types
of government documents. As Defendants point out; however, the
Richmond Newspapers case and the related cases to which Plaintiff
refers involve the right of access to criminal proceedings, and
in one case, a trial-like administrative proceeding. Plaintiff's
request for information here is not the type of information
addressed in those cases. Further, as Defendants point out, the
Supreme Court has specifically recognized that "[n]either the
First Amendment nor the Fourteenth Amendment mandates a right of
access to government information or sources of information within
the government's control." Houchins v. KQED, Inc., 438 U.S. 1,

14

15 (1978).   In this case, the Court agrees with Defendants that
access to the information Plaintiff seeks regarding the health-
related effects of the anthrax vaccine is governed by the Freedom
of Information Act ("FOIA"), which provides for a specific
process by which Plaintiff can request this type of information.[1]
See 5 U.S.C. 552; McDonnell v. U.S., 4 F.3d 1227, 1236 (3d Cir.
1993).   Plaintiff's case is not about a failed request for
information under the FOIA, and Plaintiff has not demonstrated
how this lawsuit is logically related to his request for
information related to the health effects of the squalene
containing anthrax vaccine.   Because Plaintiff has not
demonstrated that this relief would redress his claim, or that he
would be entitled to this relief even if he was ultimately
successful in this lawsuit, the Court will grant Defendants'
request to dismiss Plaintiff's claim to the extent that it seeks
as relief, information related to the health-related effects of
the squalene containing anthrax vaccine.

---

[1]      In his Answering Brief, Plaintiff does not address
Defendants' argument that Plaintiff's request for information is
governed by the FOIA.   In a footnote, Plaintiff contends that he
has a common law right of access to the information he seeks.
However, even if Plaintiff has such a common law right of access
to this information, Plaintiff still has not explained how access
to the information he requests will remedy the First Amendment
violation he allegedly suffered of being disciplined for his
constitutionally protected speech.

II.  **Whether Plaintiff's Claim Of Retaliation For Filing This Law Suit (Count II) Should Be Dismissed For Failure To State A Claim**

Defendants next contend that Plaintiff's claim for retaliation based on the exercise of his First Amendment right to petition the Court set forth in Count II of the Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted.  Defendants contend that Plaintiff has not established that Defendants had direct supervisory authority over him or that they were directly involved in any alleged retaliatory harassment suffered by Plaintiff.  Defendants also contend that Plaintiff has not alleged that they have direct supervisory authority over the unnamed supervisors who allegedly subjected Plaintiff to a hostile work environment.

Supervisory officials may not be held liable for the unconstitutional acts of their subordinates based solely on the theory of respondeat superior.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  To state a claim based on supervisory liability, the plaintiff must allege "with appropriate particularity" that the supervisory official had personal involvement in the alleged wrongs.  Id.  Specifically, the plaintiff must allege that the supervisory official participated in or had personal knowledge of and acquiesced in the actions which are alleged to have constituted a constitutional deprivation.  Id.; see also Robinson v. City of Pittsburgh, 120

16

F.3d 1286, 1294 (3d Cir. 1997).

In Count II of his Amended Complaint, Plaintiff makes numerous allegations that his supervisors treated him differently than they had before he filed this lawsuit, allegedly disciplining and/or punishing him with various undesirable assignments and subjecting his work to closer scrutiny; however, Plaintiff does not specifically identify these supervisors.  In these circumstances, the Court cannot conclude that Plaintiff's allegations have been pled with the requisite specificity required by Rodes and its progeny.  In addition, Plaintiff has failed to allege that Defendants had any direct or actual supervisory authority over the unnamed supervisors to which Plaintiff refers in Count II.  See Evancho v. Fisher, 423 F.3d 347, 348 (3d Cir. 2005) (declining to credit "bald assertion" that Attorney General or his underlings carried out plaintiff's transfer to set her up for dismissal or make her life miserable so she would resign where at least three levels of supervision existed between plaintiff and the Attorney General and decision was "presumably" made by mid-level management officials). Plaintiff generally avers in his Amended Complaint that Defendants "ratified, sanctioned, authorized, approved or participated in the actions challenged in this case."  (D.I. 25 at ¶¶ 13-16.)  However, Plaintiff does not link this general

17

averment to the allegations related to Count II.[2]  Specifically,

Plaintiff provides no factual basis to support his allegations

that Defendants participated in, knew of and/or acquiesced in the

alleged retaliatory conduct to which he refers in Count II.

Plaintiff's only specific allegation linking Defendants to the

allegations in Count II is that Defendants "are aware of

plaintiff's lawsuit as they received notice and subsequently

attempted to have the original complaint dismissed."  (Id. at ¶

88.)  This allegation is insufficient to demonstrate that

Defendants knew that Plaintiff was being subjected to alleged

harassment as a result of the filing of his lawsuit, and

Plaintiff makes no allegation that Defendants ordered the alleged

retaliatory conduct or that Defendants were subsequently made

aware of the conduct, so as to have ratified it.  Accordingly,

the Court concludes that Plaintiff has failed to state a claim of

supervisory liability against Defendants for the conduct alleged

in Count II, and therefore, the Court will grant Defendants'

---

[2]      The Court notes that Plaintiff made similar allegations
that Defendants ratified, sanctioned and approved the retaliation
against Plaintiff described in Count I; however, Plaintiff linked
those allegations to Count I by specifically alleging that the
LOR issued to Plaintiff was brought to the attention of
Defendants, and Defendants refused to void the LOR and ratified,
sanctioned and approved it.  (D.I. 25 at ¶¶ 82-86).  In contrast,
with respect to Count II, there is no specific factual
allegations that Defendants were even aware of the alleged
retaliatory conduct to which Plaintiff refers, let alone any
factual allegations that would support Plaintiff's conclusory
averment that Defendants participated in or acquiesced in the
alleged retaliatory conduct described by Count II.

18

Motion as it pertains to Count II of the Amended Complaint.

## III. Whether Plaintiff's Complaint Should Be Dismissed For Failure To Exhaust Administrative Remedies Under The Military Whistleblower Protection Act

Defendants also request dismissal of Plaintiff's Complaint on the grounds that Plaintiff failed to exhaust administrative remedies available to him under the Military Whistleblower Protection Act. Defendants contend that the issues of military discipline raised in Count I are ill-suited for judicial determination and better resolved through the administrative procedures of the MWPA, which provides for investigatory and remedial measures to address complaints lodged by military personnel.

In its previous Memorandum Opinion, the Court concluded that Plaintiff was not required to exhaust administrative remedies before the Air Force Board for the Correction of Military Records ("AFBCMR"). Adkins, 389 F. Supp. 2d at 588-589. Plaintiff contends that the MWPA is not a different remedy than the Court previously addressed, because the MWPA is a vehicle for obtaining a hearing before the AFBCMR. Defendants have not disputed Plaintiff's characterization of the MWPA and acknowledge that once the Inspector General issues a report on complaints brought under the MWPA, the complainant may then petition the AFBCMR for review. Defendants further note that, in this case, the

19

Inspector General at Dover Air Force base invited Plaintiff to
avail himself of review by the AFBCMR.  Indeed, the MWPA
expressly references boards created under 10 U.S.C. 1552, which
includes the AFBCMR.  Moreover, as Plaintiff notes several of the
Defendants in this case are precisely the individuals who would
be charged with evaluating and remedying Plaintiff's complaint
under the MWPA and the AFBCMR.  Because the Court has already
concluded that Plaintiff's claims are ill-suited for
administrative review and better suited for review in the
judicial forum, the Court concludes that Defendants are not
entitled to the dismissal of Plaintiff's Amended Complaint for
failure to exhaust administrative remedies.

## CONCLUSION

For the reasons discussed, the Court will grant Defendants'
Motion To Dismiss as it pertains to Count II of the Amended
Complaint and Plaintiff's request for relief in the form of
access to information Defendants possess regarding the health-
related effects of the squalene tainted anthrax vaccine.  In
addition, the Court will deny Defendants' Motion To Dismiss as it
pertains to Count I and the remaining relief sought by Count I of
the Amended Complaint.  Plaintiff shall be permitted to conduct
limited discovery on the issue of causation as it relates to the
threshold questions of standing and the Court's jurisdiction to
entertain this lawsuit as provided for in this Memorandum

Opinion.

    An appropriate Order will be entered.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SSGT JASON A. ADKINS, USAF,    :
                               :
               Plaintiff,      :
                               :
          v.                   : Civil Action No. 04-1453-JJF
                               :
DONALD H. RUMSFELD,            :
Secretary of Defense, et al., :
                               :

## O R D E R

At Wilmington, this 24 day of August 2006, for the reasons
set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1.    Defendants' Motion To Dismiss (D.I. 28) is **GRANTED** as
it pertains to Count II of the Amended Complaint and Plaintiff's
request for relief in the form of access to information
Defendants possess regarding the health-related effects of the
squalene tainted anthrax vaccine and **DENIED** as it pertains to
Count I of the Amended Complaint and the remaining forms of
relief sought by Count I.

2.    Plaintiff shall file a Second Amended Complaint within
**twenty (20) days** of the date of this Order.

3.    The parties shall file a stipulated proposed Scheduling
Order, or if one cannot be agreed to, their respective proposals

as outlined by the Court in the Memorandum Opinion accompanying this Order within **twenty (20) days** of the date of this Order.

    4.    Defendants are given leave to refile their Motion To Dismiss as a Motion For Summary Judgment on the issue of causation in the context of standing at the close of the discovery period to be set forth in the proposed Scheduling Order as contemplated by the Court's Memorandum Opinion.

UNITED STATES DISTRICT JUDGE