## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SSGT. JASON A. ADKINS, USAF,     ) | C.A. NO.: 04-1453 |
|                            ) | |
|      Plaintiff,             ) | |
|                            ) | |
|      v.                    ) | |
|                            ) | |
| DONALD H. RUMSFELD, Secretary of Defense;  ) | **MOTION TO RECONSIDER** |
| JAMES G. ROCHE, Secretary of the Air Force;   ) | **DENIAL OF MOTION TO** |
| GEN JOHN W. HANDY, Commander Air Mobility ) | **DISMISS** |
| Command; COL JOHN I. PRAY, JR., 436th Air    ) | |
| Wing Commander, in their official capacities,    ) | |
|                            ) | |
|      Defendants.          ) | |

On August 24, 2006, this Court granted in part and denied in part defendants' motion to

dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ("Order").  Specifically, the

Court dismissed Count II of the Complaint, but declined to dismiss Count I except as to one form of

relief sought by the plaintiff.  The Court further permitted plaintiff "to conduct limited discovery on

the issue of causation as it relates to the threshold questions of standing and the Court's jurisdiction

to entertain this lawsuit . . . ."  Order at 20.  As discussed *infra*, even apart from the issue of

causation, this Court lacks jurisdiction over this lawsuit because plaintiff lacks standing to seek any

of the remaining forms of relief.

Because the basis for this motion is the Court's lack of subject-matter jurisdiction, the

normal standard for motions for reconsideration does not apply.[1]  Under Fed. R. Civ. P. 12(h)(3),

---

[1] As to non-jurisdictional challenges, the purpose of a motion to reconsider is to "correct
manifest errors of law or fact or to present newly discovered evidence."  *Dobrich v. Indian River School
District*, 432 F. Supp. 2d 445, 448 (D. Del. 2006) (citation and internal quotation marks omitted).
Under the standard applied in this circuit, the party requesting reconsideration must show "(1) a change
in the controlling law; (2) availability of new evidence not available when the Court made its decision;
or (3) need to correct a clear error of law or fact or to prevent manifest injustice."  *Id*.  Such motions are
to be "sparingly" granted, but "a court should reconsider a prior decision if it overlooked facts or

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *See also Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) ("challenge to a federal court's subject-matter jurisdiction may be made at any stage of the proceedings and the court should raise the issue *sua sponte*").  Thus, while this motion should be granted even under the "clear error" standard that applies to non-jurisdictional motions for reconsideration, a finding that the Court lacks jurisdiction would require reconsideration of the Court's August 24, 2006, order and the dismissal of this lawsuit.

With the withdrawal of plaintiff's claim for reinstatement and the Court's dismissal of plaintiff's request for documents, plaintiff seeks three forms of relief:  (1) a declaratory judgment declaring defendants' prior actions to be illegal and unconstitutional, (2) a reparative injunction directing the removal of any "adverse materials" from plaintiffs' personnel file, and (3) a reparative injunction seeking the insertion of an apology into his personnel file.  *See* Second Amended Complaint, Prayer for Relief.  With respect to the first, the Court held that "regardless of whether Plaintiff would be entitled to the other forms of relief he seeks, Plaintiff would be entitled to a declaratory judgment, if his claim is ultimately successful . . . ."  Order at 12-13.

This conclusion was incorrect.  "[P]ast exposure to illegal conduct does not in itself show a present case or controversy" if "unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (citation and internal quotation marks omitted).  Instead, in order to "demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future."

---

precedent that reasonably would have altered the result." *Tristata Technology, Inc. v. ICN Pharmaceuticals, Inc.,* 313 F. Supp. 2d 405, 407 (D. Del. 2004).

*Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1346 (6th Cir. 1999) (citing various cases including *Lyons*); *see also id*. at 1348 ("Injury in the past, however, does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment."); *CNW Corp. v. Japonica Partners*, *L.P.*, 776 F. Supp. 864, 868 (D. Del. 1990) (where a prior violation of law "will have no present or future effect, courts will not issue declaratory judgments regarding the unlawfulness of the past conduct"); *Gruntal and Co.*, *Inc. v. Steinberg*, 854 F. Supp. 324, 332 (D.N.J. 1994) ("A declaratory judgment is inappropriate solely to adjudicate past conduct.")  Plaintiff's complaint contains no allegation of an ongoing injury or immediate threat of injury, nor could plaintiff conceivably make such an allegation given that he is no longer in the military and does not seek to be reinstated.  The Court's order also did not identify any such injury or threat of injury.  In this case, "the entry of a declaratory judgment in [plaintiff's] favor would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards him."  *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997).  There is accordingly no jurisdictional basis for plaintiff to seek, or the Court to grant, a declaratory judgment.

As for plaintiff's request for removal of the letter of reprimand from his personnel file and an apology, defendants previously showed with declarations from three military officers and other evidence in the record that there is no letter of reprimand in his personnel file to be removed.  *See* Reply to Plaintiff's Answering Brief in Opposition to Defendants' Motion to Dismiss ("Def. Reply") at 8-9.  Further, defendants pointed out that "the only potential injury plaintiff has identified is that such letters 'will affect an airman's career.'" *Id*. at 9.  Because plaintiff is no longer an airman and has withdrawn his request to be reinstated as one, he has not explained how he is injured by the existence of a letter in a hypothetical personnel file that is not his official personnel file.  *Id*.

Defendant further pointed out that plaintiff had failed to establish any legal entitlement to a signed letter of apology or that such a letter could redress any injury. *Id*.

As to these points, the Court stated that it "appear[ed] to the Court that each of the arguments advanced by Defendants with respect to these forms of relief implicate factual issues, which are not suitable for resolution on a motion to dismiss." Order at 13. This holding was erroneous for several reasons. To begin with, the Court may resolve factual issues in the context of a 12(b)(1) motion. As the Court correctly explained, in "reviewing a factual challenge to the Court's subject-matter jurisdiction, the Court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the complaint." Order at 4. "Instead, the Court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction." *Id*. *See also Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir. 1977) (emphasizing the "crucial distinction" between factual and facial attacks on jurisdiction).

Defendants mounted a factual challenge to plaintiff's claim of jurisdiction by submitting three declarations and pointing to other evidence in the record establishing that there is no letter of reprimand in *any* personnel file. *See* Def. Reply. Exs 1-3, Affidavits of MSgt Joseph A. Helman, SMSgt Ronald J. Mahoney, and SSgt Regina A Nesbitt. *See also* Memorandum in Support of Defendants' Motion to Dismiss, Ex. 6-A at 7 (informing plaintiff that the letter was not part of his official personnel file). There is nothing in the record that calls these declarations into question or suggests that any further factual development is required. Indeed, defendants submitted these declarations in response to plaintiff's already weak and speculative assertion that, while the LOR might not have been in plaintiff's official personnel file, it might have been in "other" unspecified

personnel files.[2]  *See* Plaintiff's Answering Brief in Opposition to Defendants' Motion to Dismiss

("Pl. Opp.") at 21, 29.  The declarations foreclose even this speculative assertion.  Because plaintiff

has no good-faith basis for claiming the presence of the LOR in his personnel file as an ongoing

injury requiring redress, the factual nature of the question of whether there is an LOR in his

personnel file was not a proper basis for denying defendants' motion.

In addition, the factual nature of the question is beside the point.  Even assuming, contrary to

everything in the record, that plaintiff has a legitimate basis for asserting the existence of an LOR in

a heretofore unidentified personnel file, plaintiff has failed to allege any injury resulting from this

state of affairs.  It is plaintiff's burden to establish each element of the Court's jurisdiction, not

defendants' burden to disprove it.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see*

*also* Order at 5 (noting that "plaintiff bears the burden of proving that jurisdiction exists");

*Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir. 1977)

(same).  Courts must "presume that [they] lack jurisdiction unless the contrary appears affirmatively

from the record," and it "is the responsibility of the complainant clearly to allege facts demonstrating

that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's

remedial powers."  *Renne v. Geary*, 501 U.S. 312, 316 (1991) (citation and internal quotation

marks omitted).

---

[2]  Even prior to submission of these declarations, plaintiff's Rule 56(f) affidavit had not listed
the possible presence of the letter in other personnel files as a topic requiring further discovery, nor did
plaintiff otherwise move to conduct jurisdictional discovery on the issue.  In light of the submission of
these affidavits, any such assertion would be entirely frivolous.  As with a Rule 56(f) affidavit, *see* Def.
Reply at 18 n.14, a request to conduct jurisdictional discovery must be based on more than mere
speculation.  *See, e.g., Carefirst of Maryland, Incorporated v. Carefirst Pregnancy Centers,*
*Incorporated*, 334 F.3d 390, 402 (4th Cir. 2003) ("speculation" and "conclusory assertions" are
insufficient to support a request for jurisdictional discovery).  Plaintiff has no basis for asserting that the
letter is in his personnel file.

The only injury that plaintiff has alleged is the purported threat to an airman's career from letters of reprimand. *See* Pl. Opp. at 21. Because plaintiff is no longer an airman and does not seek to be reinstated as one, plaintiff has presented nothing to support a claim of injury that would be redressed by the requested relief. Thus, even assuming that the question of whether there is an LOR in a personnel file is a question of fact that would otherwise merit denial of defendants' motion, plaintiff's failure to allege any injury from the hypothetical presence of the LOR in a hypothetical personnel file that is not his official personnel file requires the dismissal of this claim for relief.

In short, there is no basis for the continuation of this lawsuit. Even apart from the issue of causation on which the Court granted the opportunity for jurisdictional discovery, plaintiff has completely failed to satisfy his burden of establishing that an ongoing case or controversy for the Court to adjudicate. Further, while the Court's conclusion as to jurisdictional discovery on the issue of causation is not the primary basis for this motion, defendants note that, when the declarations submitted on that issue are taken into account, five Air Force officers have now submitted six declarations under penalty of perjury that, for different reasons, establish the absence of an ongoing case or controversy. At the same time, plaintiff has failed even to allege an ongoing or imminent threat of injury – let alone one that would be redressed by the relief that he seeks – and it is *plaintiff's* burden to establish that the Court has jurisdiction. This case should therefore be dismissed *in toto*.

## CONCLUSION

For the foregoing reasons, defendants' motion should be granted and this case should be dismissed with prejudice.

Dated: September 6, 2006                     Respectfully submitted,

                                             PETER D. KEISLER
Of Counsel:                                  Assistant Attorney General

MAJ THOMAS R. UISELT                         COLM F. CONNOLLY
Military Personnel Branch                    United States Attorney
General Litigation Division
Air Force Legal Services Agency              DOUGLAS McCANN
                                             Assistant United States Attorney
                                             Chief, Civil Division

                                             VINCENT M. GARVEY
                                             Deputy Branch Director

                                             /s/ Samuel C. Kaplan
                                             SAMUEL C. KAPLAN (DC Bar # 463350)
                                             Trial Attorney, Federal Programs Branch
                                             Civil Division, U.S. Department of Justice
                                             P.O. Box 883, 20 Massachusetts Ave., N.W.
                                             Washington, D.C. 20044
                                             Tel:  (202) 514-4686
                                             Fax:  (202) 616-8202
                                             samuel.kaplan@usdoj.gov

                                             *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on September 6, 2006, I electronically filed the foregoing Motion to Reconsider

Denial of Motion to Dismiss using CM/ECF which will send notification of such filing to the

following:

Thomas S. Neuberger
Email: tsn@neubergerlaw.com

Stephen J. Neuberger
Email: SJN@NeubergerLaw.com

_____
SAMUEL C. KAPLAN (DC Bar No.
463350)