IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **SSGT JASON A. ADKINS, USAF,**  )<br>  )<br>   **Plaintiff,** )<br>  )<br>  v. )<br>  )<br>**DONALD H. RUMSFELD, Secretary of Defense;** )<br>**JAMES G. ROCHE, Secretary of the Air Force;** )<br>**GEN. JOHN W. HANDY, Commander Air** )<br>**Mobility Command, COL. JOHN I. PRAY, JR.,** )<br>**436th Air Wing Commander, in their official** )<br>**capacities,** )<br>  )<br>   **Defendants.** ) | **Civ. Act. No. 04-1453-JJF** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO RECONSIDER DENIAL OF MOTION TO DISMISS**

**I.  INTRODUCTION**

Once again the parties are before this Court to address the same issues upon which this Court has ruled on two previous occasions.  As is discussed in more detail below, the defendants cannot meet the high standard that is imposed on motions for reconsideration because they have not shown any change in controlling law, any new evidence that was not considered or any clear error of law in the Court's August 24, 2006 decision.  In an attempt to avoid this standard, defendants assert that the normal rules that apply to motions for reconsideration do not apply here because they are raising a jurisdictional argument.  Although the federal rules permit a party to raise a jurisdictional argument at any time, this Court has ruled on defendants' argument previously and defendants are not entitled to keep raising the same jurisdictional argument *ad infinitum*.

Defendants' substantive arguments as to the relief requested by plaintiff also must fail. Twice this Court has examined plaintiff's claims and except for one request for a permanent injunction, this Court has allowed the requests for relief to stand. Indeed, this Court recognized that regardless of what other relief he might seek, plaintiff would be entitled to declaratory relief if his claim is ultimately successful.

Not only are plaintiff's requests legally proper, but award of this relief would redress plaintiff's injuries going forward. Prior to the Air Force's improper interference with his First Amendment rights, plaintiff was a decorated and stellar airman. Now he is separated from the Air Force and must find employment in the commercial world. Each time plaintiff seeks employment or attempts to gain new customers in his own business, he will be faced with disclosing the improperly issued Letter of Reprimand ('LOR"). A simple search of the internet will reveal the Air Force's baseless allegations that plaintiff was somehow negligent in his duties and the public humiliation he suffered as a result of his decision to speak up about his own medical condition and the tainted vaccination program. A declaration that the Air Force's actions were illegal, that the LOR was improperly issued, and a letter of apology will go a long way to repairing his damaged reputation.

Defendants' claims are no more than a restatement of the same arguments they have raised in the past and are really just another attempt to avoid discovery. For the reasons stated below, this Court should deny defendants' motion for reconsideration and allow discovery to proceed.

II.   **PROCEDURAL HISTORY**

On November 18, 2004, plaintiff filed his Complaint in this action, and on September 16, 2005, this Court denied defendants' first Motion to Dismiss. Plaintiff filed the First Amended

Complaint on November 15, 2005, adding Count II for Petition Clause Retaliation and informing the Court that he no longer sought reinstatement. On August 24, 2006, this Court denied defendants' Motion To Dismiss Count I with respect to all forms of relief other than plaintiffs' request for a permanent injunction requiring defendants to disclose all information related to the squalene-tainted anthrax vaccine. Defendants filed their Motion for Reconsideration on September 6, 2006.

### III.    LEGAL ARGUMENT

#### A.    Defendants Fail To Meet This Circuit's Standards Of Review For Motions To Reconsider

The purpose of a motion for reconsideration is not to "rehash arguments already briefed," rather it "is to correct manifest errors of law or fact or to present newly discovered evidence." *Dobrich v. Indian River School District*, 432 F. Supp.2d 445, 448 (D. Del. 2006) (internal quotations omitted); *see also Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.), *cert. denied,* 476 U.S. 1171 (1986). A motion seeking reconsideration is properly grounded when based on one of three factors: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) the motion is necessary to correct a clear error of law or to prevent manifest injustice. *Dobrich,* 432 F. Supp.2d at 448. Absent a change in controlling law or new evidence, "any litigant considering bringing a motion to reconsider [to correct clear error] should evaluate whether what may seem to be a clear error of law is in fact simply a disagreement between the Court and the litigant." *Reich v. Compton,* 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part,* 57 F.3d 270 (3d Cir.), *reh'g denied,* (3d Cir. September 8, 1995).

Motions for reconsiderations should be granted sparingly. *Dobrich,* 432 F. Supp.2d at 448. The court should reconsider a prior decision "when it appears the court has overlooked

facts or precedent which, had they been considered, might reasonably have altered the result," *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991), and "where the court has patently misunderstood a party or made an error not of reasoning but of apprehension." *Brambles U.S.A.*, 735 F. Supp. at 1241.

Although defendants recognize this Circuit's high standards for parties requesting reconsideration, they assert that those standards do not apply because the basis of their motion is that this Court lacks subject matter jurisdiction. Defs.' Motion to Recon. at 1-2. In its prior opinions declining to dismiss this case, this Court examined the subject matter jurisdiction concerns raised by defendants both facially and factually. *See Adkins*, 389 F. Supp.2d at 587-88; August 24 Order at 9 ("By contrast, in this Motion, Defendants have cast the question of causation as a matter of standing to be addressed by the Court in the context of a Rule 12(b)(1) factual challenge to subject matter jurisdiction."). Most recently, this Court denied defendants' Motion to Dismiss Count I except as to one form of relief. The Court recognized that limited discovery would be appropriate to "fully evaluate the issue" of causation, standing, and subject matter jurisdiction. *Id*. at 10. The Court was persuaded that the ultimate findings on those issues were best held with a more complete record of facts and should "be addressed in the context of a summary judgment." *Id.* Defendants have not cited to any case that would allow them to raise this same jurisdictional issues repeated times with a *de novo* standard of review.

The reason that defendants argue that the motion for reconsideration standards should not apply is obvious -- they cannot demonstrate either a change in controlling law, new evidence or clear error in the Court's opinion on this issue. Instead, defendants want yet another bite of the same apple. "A motion for reconsideration should not be used as a vehicle for endless debate between the parties and the court." *Brambles U.S.A.*, 735 F. Supp. at 1240. Defendants are

4

moving for reconsideration not based on any changed factual matters but simply because they disagree with the Court's decision. *See* Defs.' Motion to Recons. at 2. They are rehashing the same jurisdictional arguments they have made, or could have made, throughout this litigation. The Court has already ruled on this issue and this is an improper standard against which to seek reconsideration.

### B.    Injunctive Relief Will Address Plaintiffs' Injuries

Even if this Court determines that defendants meet this Circuit's standard for a proper Motion for Reconsideration, defendants' substantive arguments still cannot succeed. Defendants once again argue that plaintiff lacks standing to pursue each form of relief sought in his Complaint. In particular, defendants assert that plaintiff has no standing to seek this relief because he will suffer no ongoing injury due to defendants' conduct. *See* Defs.' Mot. for Recon. at 2-4. As noted above, this Court denied defendants' Motion to Dismiss Count I with respect to all forms of relief other than plaintiffs' request for a permanent injunction requiring defendants to disclose all information related to the squalene in the military's anthrax vaccine. However, the Court properly let stand plaintiff's remaining requests for (1) declaratory judgment that the acts of defendants were unconstitutional, illegal and invalid, (2) the removal of all adverse materials relating to plaintiff's protected speech, including the LOR, from plaintiff's personnel file, and (3) a letter of apology from each defendant apologizing for his illegal violation of plaintiff's constitutional rights. Defendants contend such relief would not redress plaintiff's injuries. *See* Defs.' Mot. to Dismiss at 10-11; Defs.' Mot. for Recon. at 2-4.

Defendant's arguments must fail for at least two reasons. First, this Court has twice examined plaintiff's claims and has found that the requests now at issue were proper in both instances. Indeed, most recently the Court explicitly noted that "regardless of whether Plaintiff would be entitled to the other forms of relief he seeks, Plaintiff would be entitled to a declaratory

5

judgment if his claim is ultimately successful." Order dated Aug. 24, 2006 at 12-13. Both parties have briefed the issue of plaintiff's remedies and this Court has already ruled that plaintiff has standing with respect to Count I. As discussed in Section I, motions for reargument or reconsideration may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court. *See Karr*, 768 F. Supp. at 1090; *Brambles USA,* 735 F. Supp. at 1240. To the extent that defendants would argue that their injury-in-fact standing argument differs from their previous standing arguments, defendants should have raised their injury-in-fact contentions in their Reply To Plaintiff's Answering Brief In Opposition To Defendants' Motion To Dismiss, dated May 2, 2006. A party may not use a motion for reconsideration to raise legal arguments that could have been raised in previous rounds of briefing. *Brambles*, 735 F. Supp. at 1240.

Second, defendants are incorrect in their contention that injunctive relief would not redress plaintiff's injuries. Plaintiff has alleged facts to support injury to his reputation and future employment. In particular, plaintiff was publicly humiliated and made an example of as a means of discouraging other airmen from exercising their constitutionally protected right to free speech. *See, e.g.*, Second Amended Complaint at ¶¶ 3, 5, 67-68, 73-75. All three forms relief that defendants now claim are invalid would redress some of the injury to plaintiff's career and thus cannot deprive plaintiff of his standing.

The injuries to plaintiff's career include a deprivation of his First Amendment rights as well as a tainted employment record due to an illegally issued LOR. The injunctive relief requested here will help redress the damage to plaintiff's record. Defendants craft their arguments as though plaintiff's future employment prospects and his professional reputation do

6

not matter. However, they are of utmost importance to plaintiff's well-being and to that of his family.

Prior to the improperly-issued LOR and defendants' public and humiliating treatment of plaintiff in the workplace, plaintiff had an exemplary record with the Air Force, including a recommendation for one of its highest military honors, the Distinguished Flying Cross. Defendants' actions deprived plaintiff of the benefit of this hard-earned achievement and injured his reputation. This injury affects plaintiff going forward regardless of his future employer. In employment discrimination cases, the importance of an employee's record is paramount and damage to that record qualifies as injury-in-fact. "A blot on his record . . . is enough to satisfy the injury-in-fact requirement of standing . . . ." *Arenal v. City of Punta Gorda*, 932 F. Supp. 1406, 1408 (M.D. Fla. 1996) (citing *Sims v. Young*, 556 F.2d 732, 734 (5th Cir. 1977)). *See also Koziol v. Hanna*, 107 F. Supp. 2d 170, 177-78 (N.D.N.Y. 2000) (specifically holding that injury to a public employee's reputation constitutes injury-in-fact). The injury the improperly issued LOR has caused plaintiff is analogous to an injury to the commercial reputation of a business, which also qualifies as injury-in-fact. *See GTE Sylvania, Inc. v. Consumer Prod. Safety Comm'n*, 404 F. Supp. 352, 366 (D. Del. 1975) (finding that adverse publicity and harm to commercial reputation establish injury-in-fact).

If this Court does not grant injunctive relief, every time plaintiff seeks employment, he is faced with the likelihood that the improperly issued LOR and the Air Force's actions against him for exercising his First Amendment rights will become an issue. Disclosing the LOR will place plaintiff's employment prospects in jeopardy, potentially even preventing him from obtaining employment or from succeeding as an independent businessman. Reputation and prior job performance are key to obtaining and succeeding at new jobs and new business endeavors. If,

however, a declaratory judgment is issued that provides that the defendants' actions were illegal, the LOR is retracted and a letter of apology is issued, plaintiff would be able to explain to potential employers or customers that he served honorably and was an exemplary Airman throughout his military career. Furthermore, in our information age, there is an especially high premium on one's professional reputation and on maintaining a clean record. Potential employers are likely to use a computer search engine, such as Google, to investigate plaintiff should he seek employment. A simple "Google" search of plaintiff's name reveals many "hits" describing the LOR and plaintiff's eventual separation from the Air Force. The improperly issued LOR and the Air Force's humiliating treatment of plaintiff for alleged misconduct taints plaintiff's otherwise unblemished reputation and the standing doctrine permits this Court to correct that harm.

## IV.   CONCLUSION

For the forgoing reasons, the Court should deny Defendants' Motion to Reconsider Denial of Motion to Dismiss.

Respectfully Submitted,

**THE NEUBERGER FIRM, P.A.**

/s/ Stephen J. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Attorneys for Plaintiff Jason A. Adkins

**ARNOLD & PORTER L.L.P.**
Susan Cassidy, Esq.
Randall Shaheen, Esq.
M. Katherine Stroker, Esq
Alexander Major, Esq

8

       555 12th Street, NW
       Washington, DC 20004
       202-942-5000 (phone)
       202-942-5999 (fax)

       Attorneys for Plaintiff Jason A. Adkins

       **THE RUTHERFORD INSTITUTE**
       **JOHN W. WHITEHEAD, ESQ.**
       **DOUGLAS MCKUSICK, ESQ.**
       P.O. Box 7482
       Charlottesville, VA 22906
       (434) 978-3888
       JohnW@Rutherford.org
       DouglasM@Rutherford.org

       Of Counsel

Dated:  September 20, 2006

## CERTIFICATE OF SERVICE

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on September 20, 2006, I electronically filed this **Pleading** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

      Samuel C. Kaplan, Esq.
      Trial Attorney, Federal Programs Branch
      Civil Division, U.S. Department of Justice
      P.O. Box 883
      20 Massachusetts Ave., N.W.
      Washington, DC 20044
      samuel.kaplan@usdoj.gov

      Douglas E. McCann, Esq.
      U.S. Attorney's Office
      1007 Orange Street, Suite 700
      P.O. Box 2046
      Wilmington, DE 19899-2046
      douglas.mccann@usdoj.gov


      /s/ Stephen J. Neuberger
      **STEPHEN J. NEUBERGER, ESQUIRE**