**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SSGT JASON A. ADKINS, USAF, ) | C.A. NO.: 04-1453 (JJF) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DONALD H. RUMSFELD, Secretary of Defense; ) | |
| MICHAEL W. WYNNE, Secretary of the Air Force ) | |
| Force; GEN DUNCAN J. MCNABB, Commander ) | |
| Air Mobility Command; COL SAMUEL D. COX, ) | |
| 436th Airlift Wing Commander, in their official ) | |
| capacities, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Donald H. Rumsfeld, Secretary of Defense, Michael W. Wynne, Secretary of the Air Force, General Duncan J. McNabb, Commander Air Mobility Command, and Colonel Samuel D. Cox, 436th Air Wing Commander (hereafter collectively known as "defendants"),[1] answer plaintiff's complaint as follows:

FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of plaintiff's complaint.

SECOND DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), the successors in office to former Secretary of the Air Force Dr. James G. Roche, former Commander Air Mobility Command, General John W. Handy, and former 436th Airlift Wing Commander, Colonel John I. Pray, have been automatically substituted as parties to this action.

THIRD DEFENSE

Plaintiff has failed to exhaust available administrative remedies.

FOURTH DEFENSE

In response to the numbered paragraphs of plaintiff's complaint, defendants respond as follows:

## I. INTRODUCTION

1. Defendants deny this paragraph.

2. Defendants deny the first sentence except to admit that plaintiff was, at the time of the events described in his complaint, a Staff Sergeant in the United States Air Force, deny the second sentence, deny the third sentence except to admit that plaintiff questioned whether he was experiencing a headache that was related to anthrax vaccinations, and deny the fourth sentence except to admit that the flight surgeon changed plaintiff's status to "Duties Not to Include Flying."

3. Defendants deny the first sentence except to admit that plaintiff was ordered to appear at Dover Air Force Base the following morning, and deny the second sentence.

4. This paragraph is a characterization of his original complaint to which no response is required, except that the Court is respectfully referred to that document for a complete and accurate statement as to its contents. To the extent a response is required, defendants admit that plaintiff has filed a lawsuit but deny that plaintiff is entitled to the relief that the lawsuit seeks.

5. The first sentence is a vague characterization to which no response is required. To the extent a response is required, defendants deny the characterization "significant." Defendants deny the second and third sentences. Defendants admit the fourth sentence, except as to plaintiff's characterization of his service as "service with dedication" to which no response is

required.  The fifth sentence sets forth plaintiff's speculation and legal conclusion, to which no response is required.  To the extent that a response is required, defendants lack knowledge or information sufficient to form a belief as to the truth of the matter asserted.

6. This paragraph provides plaintiff's characterization of this action and legal conclusions, to which no response is required.  To the extent that a response is required, defendants deny that plaintiff is entitled to the requested relief and deny that defendants violated plaintiff's First Amendment rights.

## II. JURISDICTION

7. This paragraph contains conclusions of law to which no response is required.  To the extent that a response is required, defendants deny that the Court has jurisdiction over this action or that the Court has the authority to grant the requested relief.

8. This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, defendants lack knowledge or information sufficient to form a belief as to the truth of the matter asserted.

## III. PARTIES

9. With respect to the first sentence, defendants admit plaintiff is a U.S. citizen but lack knowledge or information sufficient to form a belief as to his current legal residence.  With respect to the second sentence, defendants deny that plaintiff was a technical sergeant but admit that, at the time of the filing of his complaint, plaintiff was 32 years old, married with one infant child, and a Staff Sergeant (E-5) who served as a flight engineer on a C-5 aircraft based at Dover Air Force Base.  Defendants admit the third sentence.  The fourth sentence contains plaintiff's

characterization of the quality of his military performance to which no response is required. To the extent that a response is required, defendants deny the fourth sentence.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the first sentence. With respect to the second sentence, defendants admit that plaintiff participated in a mission on or about January 8, 2004, although defendants lack knowledge or information sufficient to form a belief as to the precise date, and that plaintiff provides a generally accurate description of the mission. Defendants deny the third sentence.

11. The first sentence of this paragraph contains plaintiff's characterization of the quality of his service record, to which no response is required. To the extent that a response is required, defendants deny the first sentence except to admit that plaintiff entered into active duty in 1990. Defendants lack knowledge or information sufficient to form a belief as to the truth of the second sentence except to admit that plaintiff's personnel information file at Dover Air Force Base contains no record of such discipline. The third sentence contains plaintiff's characterization of the quality of his military service and makes reference to classified military activity, to which no response is required. To the extent that a response is required, defendants lack knowledge or information sufficient to form a belief as to the truth of the third sentence and can neither confirm nor deny that plaintiff participated in numerous classified special operations missions.

12. This paragraph contains plaintiff's legal arguments and conclusions, to which no response is required. To the extent that a response is required, defendants deny this paragraph.

13. Defendants admit the first and second sentences. The third sentence contains plaintiff's legal conclusions, to which no response is required. To the extent that a response is required, defendants deny the third sentence. Defendants deny the fourth sentence.

14. Defendants deny the first sentence except to admit that, at the time of the events described in this complaint, Dr. James G. Roche was the Secretary of the Air Force. Defendants admit the second sentence. The third sentence contains plaintiff's legal conclusions, to which no response is required. To the extent that a response is required, defendants deny the third sentence. Defendants deny the fourth sentence.

15. Defendants deny the first sentence except to admit that General John W. Handy is a four star general who, at the time of the events described in the complaint, was the Commander of the Air Mobility Command. Defendants admit the second and third sentences. The fourth sentence contains plaintiff's legal conclusions, to which no response is required. To the extent that a response is required, defendants deny the fourth sentence. Defendants deny the fifth sentence.

16. Defendants deny the first sentence except to admit that, at the time of the events described in the complaint, Colonel John I. Pray, Jr. was the Commander of the 436th Air Wing, which includes Dover Air Force Base, but that at the time plaintiff received the letter attached as Exhibit A to plaintiff's complaint, Colonel Pray was away from Dover Air Force Base, on temporary duty in Dallas, Texas. Defendants admit the second sentence. The third sentence contains plaintiff's legal conclusions, to which no response is required. To the extent that a response is required, defendants deny the third sentence. Defendants deny the fourth sentence.

## IV.  THE FACTS

17. Defendants deny this paragraph except to admit that prior to October 27, 2004, some but not all U.S. Armed Forces personnel deployed to specific overseas locations were required to receive anthrax vaccinations.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, except defendants admit that plaintiff's medical records do not indicate that he failed to comply with instructions to accept anthrax vaccinations or that he failed to receive all required vaccinations.

19. Admit.

20. Defendants admit the first and second sentences. With respect to the third sentence, defendants lack knowledge or information sufficient to form a belief as to the truth of the matter asserted.

21. Defendants deny the first sentence except to admit that since 1998 some tests conducted on some lots of anthrax vaccine shipped to Dover Air Force Base concluded that some lots of anthrax vaccine may have contained trace elements of squalene, but that these results may have been the result of squalene introduced into the sample in the process of conducting the test. Defendants lack knowledge or information sufficient to form a belief as to the truth of the second sentence. Defendants lack knowledge or information sufficient to form a belief as to the truth of the third sentence.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph.

23. Deny.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph except to admit that some pilots in the Air Force Reserve wing stationed at Dover Air Force Base resigned rather than take the vaccine.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph.

26. Defendants admit that Colonel Felix Grieder was the wing commander at Dover Air Force Base in May 1999. Defendants lack knowledge or information sufficient to form a belief as to the truth of the second sentence, which consists of vague characterizations, except defendants admit that Colonel Grieder halted the vaccination program for a brief period.

27. This paragraph contains plaintiff's vague and speculative characterizations, to which no response is required. To the extent that a response is required, defendants deny this paragraph except to admit that Colonel Grieder ceased to be the Wing Commander at Dover Air Force Base on July 23, 1999, and was reassigned to the Pentagon.

28. Defendants deny the first sentence. Defendants deny the second sentence except to admit that an informational briefing was conducted at Dover Air Force Base. Defendants lack knowledge or information sufficient to form a belief as to the truth of the third sentence.

29. This paragraph contains plaintiff's vague characterizations, to which no response is required. To the extent that a response is required, defendants deny this paragraph.

30. This paragraph contains plaintiff's vague characterizations to which no response is required. To the extent a response is required, defendants deny this paragraph.

31. Admit, except no response is required to the vague characterization "notably," but to the extent a response is required, defendants deny the characterization.

32. This paragraph contains plaintiff's characterizations, to which no response is required. To the extent that a response is required, defendants deny the paragraph.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the first sentence, except to admit that since 1998 some tests conducted on some lots of anthrax vaccine shipped to Dover Air Force Base concluded that some lots of anthrax vaccine may have contained trace elements of squalene, but that these results may have been the result of squalene introduced into the sample in the process of conducting the test. Defendants deny the second sentence.

34. This paragraph sets forth characterizations to which no response is required. To the extent that a response is required, defendants deny this paragraph except to admit that the News Journal is a newspaper of general circulation in Delaware, in which several articles concerning Dover Air Force Base have been published since October 10, 2004.

35. This paragraph contains vague and argumentative characterizations to which no response is required. To the extent that a response is required, defendants deny this paragraph.

36. This paragraph contains vague and argumentative characterizations to which no response is required. To the extent that a response is required, defendants deny this paragraph.

37. This paragraph contains vague and argumentative characterizations to which no response is required. To the extent that a response is required, defendants deny this paragraph, except defendants admit that the Assistant Secretary of Defense for Health Affairs sent a letter to the News Journal addressing the story.

38. This paragraph contains vague and argumentative characterizations to which no response is required. To the extent that a response is required, defendants deny this paragraph.

39. This paragraph contains characterizations to which no response is required. To the extent that a response is required, defendants deny this paragraph except to admit that the Pentagon Public Affairs Office made statements concerning the efficacy of the anthrax vaccine.

40. This paragraph contains vague characterizations about the actions of unspecified persons over an unspecified period of time. Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of this paragraph.

41. This paragraph contains characterizations about unspecified statements to which no response is required. To the extent that a response is required, defendants deny this paragraph except to admit that the Public Affairs Officer for the Secretary of the Air Force issued public statements that speak for themselves.

42. This paragraph contains selected quotations from a letter dated October 13, 2004, addressed to Secretary of Defense Rumsfeld and signed by Senator Biden, Senator Carper, and Representative Castle, to which no response is required. To the extent that a response is required, defendants deny the characterization "demanded;" the letter used the word "requested." Defendants lack knowledge sufficient to form a belief as to the truth of the last sentence.

43. This paragraph is a block quotation from the letter referenced in paragraph 42 to which no response is required.

44. Admit.

45. This paragraph describes orders entered by United States District Court Judge Emmet G. Sullivan, John Doe, et al. v. Donald H. Rumsfeld, et al., 341 F. Supp. 2d 1 (D.D.C. 2004), and John Doe, et al. v. Donald H. Rumsfeld, et al., 297 F. Supp. 2d 119 (D.D.C. 2003), to

which no response is required, except that the Court is respectfully referred to the orders for a complete and accurate statement as to their contents.

46. This paragraph contains characterizations of unspecified comments on unspecified dates, to which no response is required. To the extent a response is required, defendants deny this paragraph.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph except to admit that plaintiff informed a flight surgeon that he experienced a severe headache on and before October 20, 2004, and defendants admit that since 1998 some tests conducted on some lots of anthrax vaccine shipped to Dover Air Force Base concluded that some lots of anthrax vaccine may have contained trace elements of squalene, but that these results may have been the result of squalene introduced into the sample in the process of conducting the test.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the first sentence. The second sentence contains plaintiff's characterization of the effect of unspecified individuals or groups on attitudes held by other unspecified persons or groups at Dover Air Force Base, to which no response is required, and plaintiff's characterizations of Colonel Grieder's military service, to which no response is required. To the extent that a response is required, defendants deny the second sentence.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph except to admit that plaintiff traveled to Dover Air Force Base on October 21, 2004, attended afternoon sick call, and complained of headaches.

51. This paragraph contains vague and argumentative characterizations of Air Force practices, principles, and orders, including 3 AS Operating Instruction 11-101, dated 31 May 2003, and Dover Air Force Base Instruction 11-206, dated 9 April 2004, to which no response is required. To the extent a response is required, defendants deny that a crew member can never be disciplined for a claim of illness if the crew member was not in fact ill and deny that the principle described by plaintiff is necessarily more important than other safety principles. Defendants are without knowledge or information sufficient to form a belief as to the truth of plaintiff's statements concerning what plaintiff has been taught since the time he joined the Air Force.

52. As to the first sentence, defendants admit that plaintiff has served as a flight engineer on C-5 aircraft. Defendants deny the second sentence except to admit that a C-5 aircraft is 247.1 feet in length and that, as a flight engineer, plaintiff would be responsible for the identification and temporary correction of malfunctions on board. Defendants deny the third sentence, except defendants admit that as the flight engineer for a C-5 aircraft, he is responsible for fixing problems on the C-5 aircraft that arise in flight.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph.

54. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph except to admit that Technical Sergeant Terry Miller left a message on plaintiff's home telephone to inform plaintiff that his participation would be required for a flight scheduled to take place on Friday, October 22, 2004.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph except to admit that plaintiff contacted Technical Sergeant Miller and stated to Miller that plaintiff was going to afternoon sick call because he had a bad headache. Defendants further deny the characterization that plaintiff "properly" advised Miller, but otherwise admit the third sentence.

57. Defendants lack knowledge or information sufficient to form a belief as to the time periods described in this paragraph, but admit that plaintiff was examined by an Air Force doctor.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph except to admit that plaintiff told his physician that he had experienced severe headaches.

59. The first sentence is a vague characterization to which no response is required. Defendants deny the second sentence.

60. Defendants deny the first sentence. Defendants deny the second sentence except to admit that plaintiff asked the Flight Surgeon whether his symptoms could be related to anthrax immunizations.

61. This paragraph contains vague and argumentative characterizations of a conversation between plaintiff and the Flight Surgeon, to which no response is required. To the extent that a

response is required, defendants deny this paragraph except to admit that the Flight Surgeon advised plaintiff that a number of other conditions could be causing the symptoms plaintiff related to the Flight Surgeon.

      62. Admit, except defendants deny that the characterization "nonetheless" is apt.

      63. Defendants deny this paragraph except to admit that plaintiff notified TSgt. Miller that plaintiff had been placed on "DNIF" status and turned over his alert pager.

      64. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph except to admit that plaintiff was ordered to report to Dover Air Force Base the following morning in Service Dress.

      65. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph except to admit that on October 22, 2004, plaintiff saw Lt Col Cristos Vasilas and SMSgt Ronald J. Mahoney, and that plaintiff saw SMSgt Mahoney in a "closed-door" meeting on that day.

      66. Defendants admit the first sentence. Defendants deny the second sentence except to admit that plaintiff was counseled regarding the proper procedures for handling personal health issues while on alert status.

      67. This paragraph contains plaintiff's legal conclusion to which no response is required. To the extent a response is required, defendants deny this sentence except to admit that plaintiff was given a document, attached to plaintiff's complaint as Exhibit A, to which this Court is respectfully referred for a complete and accurate statement of its contents.

      68. This paragraph contains plaintiff's characterization of a document, to which no response is required. To the extent a response is required, defendants deny the paragraph, except

that the Court is respectfully referred to the document, attached to plaintiff's complaint as Exhibit A, for a complete and accurate statement of its contents.

69. This paragraph contains plaintiff's characterization of a document to which no response is required. To the extent a response is required, defendants deny this paragraph, except that the Court is respectfully referred to Exhibit A to plaintiff's complaint for a complete and accurate statement as to its contents.

70. This paragraph contains an anonymous characterization of a document, to which no response is required. To the extent that a response is required, defendants lack knowledge sufficient to form a belief as to the truth of the assertion except that defendants deny the accuracy of the anonymous alleged assertion, and deny that plaintiff was given an LOR for going on sick call.

71. Defendants admit the first sentence. The second and third sentences contain plaintiff's legal conclusions and characterizations of Air Force discipline, to which no response is required, except that the Court is respectfully referred to Air Force regulations for a complete and accurate statement as to their contents. To the extent that a response is required, defendants deny these sentences except to admit that plaintiff did not receive a letter of counseling or a letter of admonishment.

72. Deny.

73. This paragraph contains plaintiff's vague characterizations, to which no response is required. To the extent that a response is required, defendants deny this paragraph.

74. This paragraph contains plaintiff's vague characterizations, to which no response is required. To the extent that a response is required, defendants deny this paragraph.

75. Deny.

76. Defendants deny the first sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the second sentence, which contains an undated, unattributed and partial quotation, except that defendants deny the implication that plaintiff was punished for reporting to sick call.

77. Defendants deny the first sentence. Except for plaintiff's characterization of the amount of documentation in plaintiff's file being increased "significantly" and the use of the characterization "In particular," both of which defendants deny to the extent a response is required, defendants admit the second sentence. Except for plaintiff's characterization of typed notes from Dr. Le as "extensive," and the words "For example," both of which defendants deny to the extent a response is required, defendants admit the third sentence. Defendants deny the last sentence.

78. This paragraph contains plaintiff's legal conclusions and characterizations, to which no response is required. To the extent that a response is required, defendants deny the first sentence, and lack knowledge or information sufficient to form a belief as to the truth of the second and third sentences, which consist of vague characterizations of law that are hypothetical and whose truth depends upon the circumstances of a particular case.

79. This paragraph contains plaintiff's legal conclusions and characterizations, to which no response is required. To the extent that a response is required, defendants deny this paragraph.

80. This paragraph contains plaintiff's legal conclusions and characterizations, to which no response is required. To the extent that a response is required, defendants deny this paragraph.

81. Deny.

82. Deny.

83. Deny.

84. Deny.

85. Deny.

86. Deny.

87. Defendants admit the first sentence. The second sentence sets forth plaintiff's characterization of this civil action and his legal conclusions, to which no response is required, except that the Court is respectfully referred to plaintiff's original complaint for a complete and accurate statement as to its contents. To the extent that a response is required, defendants deny the second sentence except defendants admit that plaintiff sought to enjoin what plaintiff alleged to be retaliation.

88. This allegation relates solely to Count II of plaintiff's complaint which has been dismissed, and so no response is required. To the extent a response is required, defendants admit that defendants received notice of the lawsuit in their official capacities and moved to have the complaint dismissed.

89. Admit, except as to the characterizations "extensive" and "Most notably," to which no response is required. To the extent a response is required, defendants deny the characterizations.

90. This paragraph sets forth plaintiff's legal conclusions, to which no response is required. To the extent that a response is required, defendants deny this paragraph.

91. This paragraph in all of its subparts sets forth plaintiff's legal conclusion and characterizations, to which no response is required. To the extent that a response is required, defendants deny this paragraph and all of its subparts.

92. This paragraph sets forth plaintiff's legal conclusions, to which no response is required. To the extent that a response is required, defendants deny this paragraph.

93. This sentence sets forth plaintiff's legal conclusion, to which no response is required. To the extent that a response is required, defendants deny this paragraph.

94. This paragraph sets forth plaintiff's legal conclusion, to which no response is required. To the extent that a response is required, defendants deny this paragraph.

95. This paragraph sets forth plaintiff's legal conclusion, to which no response is required. To the extent that a response is required, defendants deny this paragraph.

96. This paragraph sets forth plaintiff's legal conclusion, to which no response is required. To the extent that a response is required, defendants deny this paragraph.

97. Defendants deny this paragraph, except that defendants lack knowledge or information sufficient to form a belief as to the truth of the averments as to what plaintiff believed.

98. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph.

99. This sentence sets forth plaintiff's legal conclusion and vague characterizations, to which no response is required. To the extent that a response is required, defendants deny this paragraph.

100. Deny.

101. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph, which consists of a vague, generalized characterization.

102. Defendants lack knowledge or information sufficient to form a belief as to the truth of the first sentence, which consists of a vague, generalized assertion. As to the second sentence, plaintiff's allegation that he is not the alter ego of defendants is vague and undefined and is also a legal conclusion to which no response is required. Thus, defendants lack knowledge or information sufficient to form a belief as to its truth. Defendants admit the third sentence.

103. Defendants lack knowledge or information sufficient to form a belief as to the truth of this sentence, which consists of a vague, generalized assertion.

104. Defendants admit this paragraph except to deny that plaintiff served as a technical sergeant.

## COUNT I

105. Defendants repeat their responses to paragraphs 1-104, as set forth above.

106. This paragraph contains plaintiff's legal conclusions and characterizations, to which no response is required. To the extent that a response is required, defendants deny this paragraph.

107. This sentence contains plaintiff's legal conclusion, to which no response is required. To the extent that a response is required, defendants deny this sentence.

The final, unnumbered paragraph of the Second Amended Complaint, represents a Prayer for Relief to which no response is required. To the extent that a response is required, defendants deny that plaintiff is entitled to the relief requested or to any other relief. Except to the extent expressly admitted or qualified above, defendants deny each and every allegation in the Complaint.

WHEREFORE, defendants pray for an order:

(1) denying plaintiff's request for relief;

(2) dismissing this action with prejudice; and

(3) for such other and further relief as the Court deems just and proper.

Dated: September 22, 2006                    Respectfully submitted,

                                             PETER D. KEISLER
                                             Assistant Attorney General

Of Counsel:                                  COLM F. CONNOLLY
                                             United States Attorney
MAJ THOMAS R. UISELT
Trial Attorney                               DOUGLAS McCANN
Military Personnel Branch                    Assistant United States Attorney
General Litigation Division                  Chief, Civil Division
Air Force Legal Operations Agency
                                             VINCENT M. GARVEY
                                             Deputy Branch Director

                                             /s/ Samuel C. Kaplan
                                             SAMUEL C. KAPLAN (DC Bar # 463350)
                                             Trial Attorney, Federal Programs Branch
                                             Civil Division, U.S. Department of Justice
                                             P.O. Box 883, 20 Massachusetts Ave., N.W.
                                             Washington, D.C. 20044
                                             Tel: (202) 514-4686
                                             Fax: (202) 616-8202
                                             samuel.kaplan@usdoj.gov
                                             *Attorneys for Defendants*