**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

SSGT JASON A. ADKINS, USAF,

Plaintiff,

v.

DONALD H. RUMSFELD, Secretary of Defense; MICHAEL W. WYNNE, Secretary of the Air Force Force; GEN DUNCAN J. MCNABB, Commander Air Mobility Command; COL SAMUEL D. COX, 436th Airlift Wing Commander, in their official capacities,

Defendants.

C.A. NO.: 04-1453 (JJF)

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO RECONSIDER DENIAL OF MOTION TO DISMISS**

## INTRODUCTION

Both because of what it says and what it does not say, plaintiff's opposition confirms that defendants' motion to reconsider should be granted. Plaintiff makes no attempt to address the reasoning of the Court's August 24, 2006, order, which itself addressed only briefly the issue that is the subject of this motion. Instead, other than repeating the fiction that the Court has repeatedly ruled on these issues, plaintiff introduces new jurisdictional allegations that are not in his second amended complaint and that would not support jurisdiction even if they were. By failing to respond to defendants' arguments, and by his felt need to rely on new allegations even after having twice amended his complaint, plaintiff betrays his own recognition that defendants' motion to reconsider is correct and that this action should be dismissed.

## ARGUMENT

Defendants' motion to reconsider demonstrated that the Court lacks jurisdiction, completely apart from the causation issue on which the Court ordered jurisdictional discovery. Specifically, defendants explained that (1) declaratory judgments cannot be granted in connection with past

misconduct unless there is an ongoing injury or immediate threat of injury that would be redressed by the judgment; (2) plaintiff's second amended complaint fails to allege any ongoing injury that would be redressed by a declaratory judgment, and the Court's order made no such finding; (3) it is plaintiff's burden to establish jurisdiction, and the Court should presume that it lacks jurisdiction unless the contrary appears affirmatively from the record; and (4) it was error to decline to dismiss based on the conclusion that the existence of a letter of reprimand in the file was a factual issue because (A) defendants had raised a factual challenge to jurisdiction; (B) the undisputed facts established that there was no LOR in the personnel file to be removed; (C) there was nothing in the record suggesting that further factual development was required on this issue, and plaintiff's Rule 56(f) affidavit did not even request such discovery; and (D) nothing in the record established that plaintiff currently confronts an ongoing injury or immediate threat of injury, even assuming (contrary to all of the evidence) that there is an LOR in plaintiff's personnel file.

Plaintiff's opposition disputes *none* of these points. Instead, plaintiff offers only two arguments against dismissing the case. For half of his brief, plaintiff seeks refuge in this Circuit's standards for motions for reconsideration. According to plaintiff, even though defendant's arguments are jurisdictional, this Circuit's standard for motions for reconsideration still applies because defendants cannot keep raising the same jurisdictional arguments "repeated times with a *de novo* standard of review." Plaintiff's Opposition to Defendants' Motion to Reconsider Denial of Motion to Dismiss ("Pl. Opp.") at 3-5. This argument is wrong, both factually and legally, and it is also irrelevant. It is wrong factually because defendants have not repeatedly raised the issues that are the basis for defendants' motion. Those arguments became available only when plaintiff withdrew his claim for reinstatement in his opposition to defendants' motion to dismiss the amended complaint. At that point, it became clear that, regardless of the issue of causation, the remaining relief that plaintiff was seeking could not redress any ongoing injury or immediate threat of injury.

Plaintiff's pretense that the Court has repeatedly addressed the issues in this motion is based upon the misleading conflation of the causation issue on which the Court ordered jurisdictional discovery with the instant motion. Contrary to plaintiff's claims, the subject of this motion is an issue that the Court's August 24, 2006, opinion addressed only briefly, and for the first time.

Plaintiff's argument also makes no sense as a matter of law. Its unstated implication is that the Court should allow this lawsuit to continue regardless of whether its decision on jurisdiction was erroneous – so long as it was not *clearly* erroneous. Such an argument contradicts Fed. R. Civ. P. 12(h)(3) – a rule that plaintiff ignores. *See id*. ("Whenever it appears by suggestion of the parties or otherwise that the Court lacks jurisdiction of the subject matter, the court shall dismiss the action.") Similarly erroneous is plaintiff's suggestion that purportedly "new" arguments should not be considered by the Court because defendants should have raised them at some earlier point.[1] *See* Pl. Opp. at 6. New jurisdictional arguments can be raised at any stage of the litigation. *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). Finally, plaintiff's standard-of-review argument is irrelevant because, defendants respectfully submit, the prior decision on the issue that is the subject of this motion was clear error. Plaintiff confirms this point by not disputing the points in defendants' motion. Instead, plaintiff devotes half of his brief to argument about the legal standard that should apply to this motion, and devotes the other half to new and unsupported jurisdictional allegations that do not appear in his second amended complaint or anywhere else in the record.

---

[1] Plaintiff also fails to identify the new arguments, and so it is unclear to what he is referring. The only arguably "new" arguments in the motion to reconsider is the case law establishing that declaratory judgments may not be granted for past injury when there is no accompanying ongoing injury or immediate threat of injury. *See* Motion to Reconsider Denial of Motion to Dismiss at 2-3. Defendants' reply to plaintiff's opposition to defendants' motion to dismiss focused on the other forms of relief – specifically, the claims for injunctive relief and the claim for documents – because defendants believed it was clear that plaintiff's claim for declaratory relief could not by itself support this action.

Plaintiff otherwise responds to defendants' motion by attempting to come up with new jurisdictional "facts to support injury to his reputation and future employment" that are not in his complaint. Pl. Opp. at 6. In particular, plaintiff attempts to derive a present ongoing injury from his allegations that he "was publicly humiliated and made an example of as a means of discouraging other airmen from exercising their constitutionally protected right to free speech." Pl. Opp. at 7. Plaintiff also offers a rambling set of unsupported, conclusory, and speculative assertions designed to suggest potential harm to his future employment prospects. *Id*. at 7-8.

It suffices to point out that plaintiff's second amended complaint does not allege that he is currently suffering ongoing reputational damage from events that are alleged to have occurred nearly two years ago. As noted previously, it is plaintiff's burden "clearly to allege facts" sufficient to establish jurisdiction, and the Court must "presume" that it "lacks jurisdiction unless the contrary appears affirmatively from the record." *See Renne v. Geary*, 501 U.S. 312, 316 (1991) (citation and internal quotation marks omitted). Plaintiff's second amended complaint does not come close to meeting this standard. It does not mention harm to his future civilian employment prospects from the LOR or any other actions allegedly taken by the defendants. The word "reputation" does not even appear in the complaint. Nor does plaintiff allege any concrete, lingering reputational injury from the purported "public humiliation" that occurred nearly two years ago (*i.e.*, the vague allegation that he was "put on public display" in the Base's control room and the allegation that he was given extra work as "punishment"), and any such allegation would be baseless.[2] *See* Pl. Opp. at

---

[2] Apart from the unalleged and insupportable notion that the alleged "public humiliation" is presently having any concrete repercussions for plaintiff in the civilian world two years after the events took place, plaintiff's own allegations preclude the assertion that the alleged humiliation/punishment caused him reputational injury even two years ago when he was still in the Air Force. Specifically, plaintiff alleges that the purpose of the alleged public humiliation was to warn other aviators against speaking out about anthrax. *See* 2d Am. Compl. ¶¶ 73-74. For such a warning to succeed, his fellow aviators would have had to believe that he was being "punished" for speaking out about anthrax. Given that his colleagues' alleged perception of the incident would have been coextensive with what plaintiff is (continued...)

6 (citing Second Amended Complaint ¶¶ 3, 5, 67-68, 73-75). The fact that plaintiff's only substantive response to defendants' motion to reconsider consists of jurisdictional allegations that are not in his complaint alone requires the dismissal of this action.

Moreover, even if plaintiff had raised these conclusory allegations in his latest complaint, rather than as part of a scramble to find some jurisdictional hook upon which to continue this lawsuit, his reliance on such allegations would be frivolous for various reasons. *First*, the claim that the Court has jurisdiction to redress a "blot upon his record," *see* Pl. Opp. at 7, ignores the fact that there is no "blot upon his record" because there is no LOR in his record.[3] *See* Reply to Plaintiff's Answering Brief in Opposition to Defendants' Motion to Dismiss at 8-9 (and cited declarations).

*Second*, plaintiff ignores the fact that he, not the defendants, publicly revealed the original issuance of the LOR. The only arguably public action defendants have taken with realistic repercussions on plaintiff's civilian life was the issuance of an honorable discharge to plaintiff when he resigned from the military. Any hypothetical injury resulting from public knowledge of an internal LOR that was never even part of his official personnel file is therefore not "fairly traceable" to the defendants, and plaintiff cannot use an asserted injury that was caused by his lawsuit as a jurisdictional basis for the lawsuit. Such a notion contradicts basic jurisdictional principles, and it is therefore unsurprising that plaintiff fails to cite a single case where injury to reputation resulting

---

[2](...continued)
trying to establish in this lawsuit, the alleged punishment could not have had any redressable adverse effects on his reputation even at the time the alleged events were supposed to have taken place.

[3] As stated *supra* and in defendants' initial motion to reconsider, the Order's conclusion that the presence of the LOR in his personnel file was a factual question that could not be resolved at this stage was erroneous, and plaintiff makes no attempt to dispute those points.

from a plaintiff's lawsuit was held to support jurisdiction.[4] The federal courts exist to provide redress for concrete injuries or the immediate threat of injuries – not to provide an ending to a story that plaintiff made public.

*Third*, such allegations cannot support standing because claims of injury must be "concrete" and "imminent," not speculative or ephemeral. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted). The claim that the events of this case pose a threat to plaintiff's future employment or business prospects in the civilian world is pure speculation, beginning with the fact that there is no LOR in any personnel file. Rather than allege (let alone establish with the affidavit that a factual jurisdictional challenge requires) that he has confronted any such difficulty in the 1½ years since he left the military, he posits a hypothetical future potential employer conducting a hypothetical Google search that leads him to reject the plaintiff as an applicant based upon the information the employer might discover. In addition to the speculativeness of the claim of injury, it is speculation to assert that the relief that plaintiff seeks would redress this hypothetical injury. Indeed, the facts about plaintiff's conduct – *i.e.*, that he began experiencing a headache and then waited to tell his commanding officer until after he was told that a mission was to take place – are not disputed, and a favorable judgment would not alter them.

If anything, plaintiff's "Google search" suggestion only confirms the highly speculative nature of the claim. Plaintiff asserts that a "simple 'Google' search of plaintiff's name reveals many 'hits' describing the LOR and plaintiff's eventual separation from the Air Force." Pl. Opp. at 8. What plaintiff ignores is that many of those hits that actually address the plaintiff portray him as a

---

[4] *See*, *e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.4 (holding that the asserted injury in fact must be "fairly traceable" to the defendant's actions and referring to the "longstanding rule" that "jurisdiction is to be assessed under the facts existing when the complaint is filed"); *see also Pennsylvania v. New Jersey*, 426 U.S. 660, 664 (1976) (*per curiam*); *Petro-Chem Processing, Inc. v. Environmental Protection Agency*, 866 F.2d 433, 438 (D.C. Cir. 1989) (both holding that self-inflicted injury cannot provide a basis for standing).

heroic whistleblower, and the rest are neutral.[5]  This coverage of plaintiff makes his assertions about reputational injury even more unlikely and conjectural.

Plaintiff's apparent suggestion that the mere (and belated) incantation of the words "reputational damage" can save a case from dismissal also rests on an incomplete account of the case law.  Apart from the fact that public knowledge about this case derived from the plaintiff and his representatives, *see supra*, courts have recognized that when "injury to reputation is alleged as a secondary effect of an otherwise moot action . . . some tangible concrete effect [must] remain, susceptible to judicial correction."  *See Honorable John H. McBryde v. Committee to Review Circuit Council Conduct and Disability Orders of the Judicial Conference of the United States*, 264 F.3d 52, 57 (D.C. Cir. 2001) (further noting that "claims of reputational injury can be too vague and unsubstantiated to preserve a case from mootness").[6]  Plaintiff points to no such effect.

In sum, even apart from the causation issue on which the Court ordered discovery, plaintiff's opposition makes it clear that the Court lacks jurisdiction over this case.  Instead of offering a

---

[5]  The first 20 screens that result from a search of the name "Jason Adkins" on Google reveal, out of approximately 200 entries, only three articles about the plaintiff, all of which can be characterized as favorable to him.  The first two are press releases from plaintiff's counsel, the Rutherford Institute, and the third is an article from gulfwarvets.com which describes him as having been "silenced."  *See* http://www.gulfwarvets.com/ usafsgt_silenced.htm.  A search of the name Jason A. Adkins" reveals similar entries about the plaintiff.  Searches of the name "Jason Adkins" and "anthrax" or "jason a. adkins" and "anthrax" reveal additional similar articles, including an article in the News Journal entitled "Hero punished for criticizing vaccine."  *See* http://curezone.com/forums/ fm.asp?i=62539.  Few entries even mention the Air Force's justification for issuing the letter – *i.e.*, plaintiff's delay in reporting his illness – and the ones that mention the justification do not endorse it, but rather mention it only to articulate both sides' positions.

[6]  The few cases cited by plaintiff concerning reputational injury involved public actions that were later challenged in Court, not actions that became public as a result of a lawsuit.  For example, the case of *Arenal v. City of Punta Gorda Florida*, 932 F. Supp. 1406 (M.D. Fl. 1996), involved a highly public dispute, including a press conference conducted by one of the defendants accusing the defendant of "ulterior motives," resulting in an allegedly illegal suspension of a police captain.  *Id*. at 1410.  This case involves an internal LOR that the defendants did not even put in his personnel file, a plaintiff who is no longer in the military, and the plaintiff's decision to publicize his claims.

substantive response to the points in defendants' motion to reconsider, plaintiff relies on vague new jurisdictional allegations that are not in his complaint and that are patently unavailing.

**CONCLUSION**

For the foregoing reasons, defendants' motion to reconsider should be granted, and this action should be dismissed with prejudice.

Dated: September 25, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

COLM F. CONNOLLY
United States Attorney

DOUGLAS McCANN
Assistant United States Attorney
Chief, Civil Division

VINCENT M. GARVEY
Deputy Branch Director

/s/ Samuel C. Kaplan
SAMUEL C. KAPLAN (DC Bar # 463350)
Trial Attorney, Federal Programs Branch
Civil Division, U.S. Department of Justice
P.O. Box 883, 20 Massachusetts Ave., N.W.
Washington, D.C. 20044
Tel: (202) 514-4686
Fax: (202) 616-8202
samuel.kaplan@usdoj.gov

*Attorneys for Defendants*

Of Counsel:

MAJ THOMAS R. UISELT
Military Personnel Branch
General Litigation Division
Air Force Legal Services Agency

**CERTIFICATE OF SERVICE**

I certify that on September 25, 2006, I electronically filed the foregoing Reply to Plaintiff's Opposition to Defendants' Motion to Reconsider Denial of Motion to Dismiss using CM/ECF which will send notification of such filing to the following:

Thomas S. Neuberger
Email: tsn@neubergerlaw.com

Stephen J. Neuberger
Email: SJN@NeubergerLaw.com

/s/ Samuel C. Kaplan
SAMUEL C. KAPLAN (DC Bar No. 463350)