```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE

SSGT. JASON A. ADKINS, USAF,   :
                               :
          Plaintiff,           :
                               :
     v.                        :   Civil Action No. 04-1453-JJF
                               :
DONALD H. RUMSFELD,            :
Secretary of Defense, et al., :
                               :
```

John W. Whitehead, Esquire and Douglas McKusick, Esquire of THE
RUTHERFORD INSTITUTE, Charlottesville, Virginia.
Susan Cassidy, Esquire; Randall Shaheen, Esquire; and Alexander
Major, Esquire of ARNOLD & PORTER L.L.P., Washington, D.C.
Thomas S. Neuberger, Esquire and Stephen J. Neuberger, Esquire of
THE NEUBERGER FIRM, P.A., Wilmington, Delaware.

Attorneys for Plaintiff.

Major Thomas R. Uiselt, Military Personnel Branch, General
Litigation Division, Air Force Legal Services Agency, Dover,
Delaware.
Peter D. Keisler, Esquire, Assistant Attorney General; Vincent M.
Garvey, Esquire, Deputy Branch Director, and Samuel C. Kaplan,
Esquire, Trial Attorney, Federal Programs Branch, Civil Division,
of the UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.
Colm F. Connolly, Esquire, United States Attorney, and Douglas
McCann, Esquire, Assistant United States Attorney, Chief of the
Civil Division, of the UNITED STATES DEPARTMENT OF JUSTICE,
Wilmington, Delaware.

**MEMORANDUM OPINION**

January 18, 2007
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Defendants' Motion To Reconsider Denial Of Motion To Dismiss (D.I. 48). For the reasons discussed, Defendants' Motion To Reconsider will be denied.

## BACKGROUND

The factual background relevant to this action has been set forth fully by the Court in the context of the Court's previous Memorandum Opinions. On August 24, 2006, the Court granted-in-part and denied-in-part Defendants' Motion To Dismiss. Specifically, the Court dismissed Count II of the Amended Complaint and Plaintiff's request for relief in the form of access to information Defendants possess regarding the health-related effects of the squalene containing anthrax vaccine. However, the Court denied Defendants' Motion to Dismiss as to Count I which alleged retaliation under the First Amendment. With respect to Count I, the Court noted that Defendants "cast the question of causation as a matter of standing to be addressed by the Court in the context of a Rule 12(b)(1) factual challenge to subject matter jurisdiction." The Court concluded, however, that this issue was best suited for resolution during the summary judgment phase of the proceedings after a period of limited discovery on five (5) specific areas of inquiry. With respect to Defendants' challenge to each of the forms of relief sought by Plaintiff in connection with the claim asserted in Count I, the

1

Court also concluded that factual issues were implicated which were not suitable for decision in the context of a motion to dismiss without the benefit of some limited discovery.

Defendants have moved for reconsideration of the Court's Order contending that regardless of the causation issue, Plaintiff lacks standing to pursue the claim asserted in Count I, along with the relief requested. Defendants' Motion For Reconsideration has been fully briefed and is ready for the Court's review.

## STANDARD OF REVIEW

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The purpose of the motion for reconsideration is not to "rehash arguments already briefed." Dentsply Int'l. Inc. v. Kerr Mfg. Co., 42 F. Supp.2d 385, 419 (D. Del. 1999). In order to succeed, the party requesting reconsideration must show that at least one of the following criteria applies: (1) a change in the controlling law; (2) availability of new evidence not available when the Court made its decision; or (3) need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d at 677).

2

"As a general rule, motions for reconsideration should be granted 'sparingly.'" Karr v. Castle, 768 F. Supp. 1087, 1090 (D. Del. 1991).

## DISCUSSION

The Court has reviewed Defendants' arguments concerning the issues of causation and standing and concludes that Defendants have not demonstrated that reconsideration of the Court's previous Order is warranted. The Court has concluded that limited discovery is necessary for the Court to adjudicate the issues raised by Defendants, and the Court cannot conclude that its decision to require a more complete record is erroneous.[1]

With respect to the limited discovery ordered by the Court, Defendants contend that Plaintiff did not request any discovery concerning the existence of the LOR in any personnel files. However, Plaintiff sought and the Court allowed discovery on "the facts underlying the assertions contained in the affidavits submitted by Defendants in support of their motion to dismiss."

---

[1] Defendants contend that their arguments are relevant to subject matter jurisdiction and can be considered by the Court at any time during this litigation under a de novo standard of review. The Court does not disagree that subject matter jurisdiction can be raised at any time. However, in light of the Court's decision to allow limited discovery on the issues related to subject matter jurisdiction, the Court declines to permit Defendants a second opportunity to advance new arguments or arguments already made and considered by the Court in the context of a motion for reconsideration. As the Court has previously concluded, Defendants' standing arguments are best suited for resolution after the development of a factual record.

3

(D.I. 35, Exh. A at 3). In the Court's view, this request is sufficient to encompass inquiry into the circumstances concerning the LOR, and whether it is contained in any personnel files so as to allow Plaintiff to test the assertions made in the affidavits submitted by Defendants.

Defendants also contend that Plaintiff cannot establish an actual controversy based on the allegedly improper LOR because Plaintiff has not demonstrated a concrete and continuing injury as required for Article III standing. In this regard, the Court recognizes that a "blot" on an employee's record is a sufficient injury to satisfy the injury-in-fact requirement of standing.[2] Sims v. Young, 556 F.2d 732, 734 (5th Cir. 1977); Koziol v. Hanna, 107 F. Supp. 2d 170, 177-178 (N.D.N.Y. 2000); Arenal v. City of Punta Gorda, 932 F. Supp. 1406, 1408 (M.D. Fla. 1996). Accordingly, the Court concludes that Defendants have not presented a sufficient basis, at this juncture, to justify dismissal of Plaintiff's law suit.

In sum, the Court concludes that further development of a factual record is necessary to address the standing issues raised by Defendants. Within ten (10) days of the date of this decision, the parties shall file a stipulated proposed Scheduling

---

[2] To the extent that Defendants contend that Plaintiff's Second Amended Complaint is deficient in alleging harm to reputation, the Court notes that any deficiencies in the pleadings can be remedied by way of further amendment.

Order consistent with the parameters set forth by the Court for limited discovery in its August 24, 2006 Memorandum Opinion.

An appropriate Order will be entered.